JACOB J. HUXEN'S CASE.

Suffolk. January 2, 1917. — March 5, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Workmen's Compensation Act. Physicians and Surgeons. Words,* "Unusual cases."

Under the provisions of the workmen's compensation act contained in St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, by which the fees of physicians for services under the act are made subject to the approval of the Industrial Accident Board and it is provided that in case of a failure to agree as to the amount to be paid for such services the board may call for the formation of an arbitration committee, a physician who has rendered such services properly may be a party to the proceedings.

Under the provision of the workmen's compensation act contained in St. 1914, c. 708, § 1, amending St. 1911, c. 751, Part II, § 5, that "During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, in the discretion of the board, for a longer period, the association shall furnish reasonable medical and hospital services, and medicines,

when they are needed," the absolute obligation of the insurer to provide medical attendance is confined to the first two weeks after the injury, and the discretion of the Industrial Accident Board as to providing medical attendance for a longer period can be exercised only in "unusual cases."

Where at the end of the first two weeks after his injury a claimant of compensation under the workmen's compensation act was able to go for treatment from his home to the office of one Dr. M, the physician who had treated him at his home during the first two weeks, and where, after the employee had received several treatments in this way at Dr. M's office, the insurer wrote to the employee as follows: "Regarding your medical attention, we think it advisable for you to call on our Dr. C [giving his address] where you will receive first class treatment free of charge. But if you wish to continue with Dr. M, we will allow him $1 an office visit," it was *held* that this offer of the insurer might be found to have been an admission that under the act the insurer was bound to furnish medical attendance and hence that it was an "unusual case," and therefore that there was evidence warranting a finding of the Industrial Accident Board that it was such a case and warranting their approval of a bill of Dr. M for services rendered to the employee after the expiration of the first two weeks after his injury.

Upon the hearing of the same claim under the workmen's compensation act, it appeared that the letter of the insurer quoted above was shown by the employee to Dr. M, who thereupon continued to treat him. There was no intimation that Dr. C, whose services were offered by the insurer to the employee free of charge, was not a competent and proper person to treat the employee. *Held*, that, if Dr. M chose to continue to treat the employee at the expense of the insurer after having been shown the letter, he must do so on the terms offered, and an award to Dr. M was modified by reducing it to such an amount that it should not exceed the charge of $1 a visit.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board that Dr. G. W. Morse, a physician, was entitled to the amount of $80 for attendance upon Jacob J. Huxen, an injured employee, and that, because of the nature of the injury, it was an unusual case and the physician was entitled to recover not only for his services during the first two weeks after the employee's injury but also for treatment rendered after the expiration of the first two weeks.

The case was heard by *Morton*, J. The findings of the Industrial Accident Board are described in the opinion. The judge made a decree in accordance with the decision of the board; and the insurer appealed.

The case was submitted on briefs.

*E. I. Taylor*, for the insurer.

*W. B. Flint*, for the claimant Morse.

RUGG, C. J. The only questions raised by this appeal relate to

the obligation of an insurer under the workmen's compensation act to pay the fees of a physician to an injured employee.

The first point to be decided is whether the physician can ,be a party to a proceeding under the act. It is provided by St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, that, "Fees of attorneys and physicians and charges of hospitals for services under this act shall be subject to the approval of the Industrial Accident Board. If the association and any physician or hospital, or the employee and any attorney, fail to reach an agreement as to the amount to be paid for such services, either party may notify the board, which may thereupon call for the formation of a committee of arbitration in accordance with the provisions of this act, and all proceedings thereunder shall be in accordance with the provisions of this act." It was held in *Panasuk's Case*, 217 Mass. 589, that the questions relating to services of physicians were proper for consideration under the act, although it there was raised by the employee and not by the physician. But since the fees are to be fixed by a committee of arbitration in case of disagreement, it seems to follow necessarily from the terms of the act that, where the physician is the party interested in that matter, he may be a party to the proceedings.

It is not contended that Dr. Morse was not called rightly to attend the injured employee or that he is not entitled to recover for the two week period following the injury when under the act the insurer is bound to provide medical attendance. The controversy arises as to the attendance subsequent to the expiration of that period.

The services of the physician were rendered under these circumstances. The employee was injured by being burned with live steam. Dr. Morse was the physician employed by another insurance company which insured other subscribers performing work on the Technology buildings, where the injury occurred, and does not appear to have been the regular physician of the employee. He thought on examination that the employee should go to the hospital, but the employee refused, and the physician at his request treated him at his home for a period of two weeks. After the expiration of that period he was able to go from his home to the doctor's office and was treated there. The entire evidence about the kind of treatment after the expiration of the

two week period is this, from the physician: "When the employee came to his office he had to bandage round the chest and shoulder and clean the area of granulation. There was the back area in which there was proud flesh, and this had to be cleaned off."

The question is whether this constitutes an unusual case within the meaning of the first sentence of St. 1914, c. 708, § 1, amending Part II, § 5 of the act so as to read as follows: "During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, in the discretion of the board, for a longer period, the association shall furnish reasonable medical and hospital services, and medicines, when they are needed." It is manifest that the Legislature did not intend to impose all expenses of medical attendance upon the insurer. The obligation to provide such attendance as an absolute duty is confined to two weeks after the injury. It is manifest that in the aggregate there must be many cases where medical attendance may be required for a longer period. It is not in an ordinary case requiring longer medical attendance that the discretion of the board may be exercised to charge this attendance to the expense of the insurer. It is only in "unusual cases" that they may do so. There would be grave doubt whether a case where the employee is able to go from his home in Cambridge to an office in Boston could be so unusual as to be within the purview of the act. But there is a further circumstance in the case at bar which renders it impossible to say as matter of law that the finding of the board was unwarranted. After there had been several treatments at the doctor's office in Boston, the insurer wrote to the employee as follows: "Regarding your medical attention, we think it advisable for you to call on our Dr. D. E. Chase, 1619 Massachusetts Ave., Cambridge, where you will receive first class treatment free of charge. But if you wish to continue with Dr. Morse, we will allow him $1.00 an office visit." There is here no intimation that the attendance of some physician was not required under the act. The offer to pay $1 per visit to Dr. Morse, or to provide its own physician free of charge, may have been found to be an admission that under the act the insurer was bound to furnish medical attendance, and hence that it was an "unusual" case. As the finding of the board must

stand if there is any evidence on which it might reasonably have been founded, it cannot be pronounced unwarranted.

The letter from the insurer to the employee was shown by the latter to Dr. Morse, who continued to treat him. It is manifest that, after this letter was shown to him, he knew the attitude of the person whom it is now sought to hold liable for his services. There is no intimation that Dr. Chase, the physician proffered by the insurer free of charge to the employee, was not competent and a proper person to treat the employee. The fact that the employee was able to go to the office for treatment makes it plain that the case was no longer critical. It was not then a case of emergency. Under the conditions here disclosed there is no "other justifiable cause" for the continued attendance of Dr. Morse after December 16, the date of the letter from the insurer to the employee. If he chose to continue to treat the employee at the expense of the insurer under these circumstances, he must do so on the terms offered. The act, by the latter part of St. 1914, c. 708, § 1, does not place the fees of a physician under the control of the Industrial Accident Board when there is no emergency, when there appears to be no reason why the physician provided by the insurer may not render the necessary service efficiently and satisfactorily, and when the physician who is making the claim knows of the terms upon which alone the insurer is willing to be responsible to him and he continues thereafter to render the service.

The decree is to be modified by striking out the narration and adjudication as to the letter of December 16, 1915, and by reducing the amount due to Dr. Morse to $73, and as thus modified is affirmed.

*So ordered.*