GALEN MOORE'S CASE.

Suffolk.    March 2, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Amount of compensation. *Words*, "In unusual cases."

Tuberculosis resulting from a personal injury to an employee arising out of and in the course of his employment does not make his case "unusual" within the provisions of G. L. c. 152, § 30.

CERTIFICATION, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board in substance that tuberculosis resulting from a personal injury arising out of and in the course of employment of the claimant by Bethlehem Shipbuilding Corporation made the case an "unusual" case under G. L. c. 152, § 30, and that the claimant should be reimbursed for certain pay-

ments made by him to physicians and hospitals for services rendered after the two weeks following his injury.

The findings by the Industrial Accident Board were as follows:

"The board find that the employee continues [at the time of the hearing, June 11, 1925,] to have a condition of tuberculosis resulting from a crushing injury to his chest received in the course of and arising out of his employment with the subscriber on May 11, 1920. . . .

"The board find that tuberculosis resulting from a personal injury arising out of and in the course of the employment is an unusual condition, the records of the Board as compiled in their twelfth annual report for the year from July 1, 1923 to June 30, 1924, inclusive, showing that out of sixty thousand, four hundred and thirty-nine compensable personal injury cases, only six cases of all classes of tuberculosis, including traumatic and non-traumatic tuberculosis, resulted from personal injuries arising out of and in the course of employment. The mere statement of this fact is conclusive that tuberculosis is an unusual condition to arise from injury and that the fact that the personal injury to the employee, Moore, resulted in his tubercular condition warrants the finding that this is an unusual case under the statute.

"The board find that an unusual condition, such as tuberculosis, resulting from injury, requires the best known treatment for that particular form of disease and if it happens that the treatment given is that usually afforded in a sanatorium which specializes in the treatment of such an unusual condition resulting from injury as tuberculosis, the case is not thereby taken out of the unusual class of cases covered by § 30. It is common knowledge that tuberculosis, unless given such specialized treatment, results fatally."

In the Superior Court, the case was heard by *Morton*, J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*E. Field*, for the insurer.

*G. Gleason*, for the claimant.

CARROLL, J.  The question in this proceeding under the workmen's compensation act is the meaning of the words "in unusual cases," as used in the statute requiring the insurer to furnish adequate and reasonable medical and hospital services and medicines, if needed, beyond the two weeks after the injury.

The Industrial Accident Board found that the employee was injured in May, 1920, and tuberculosis resulted from this injury.  *Moore's Case,* 249 Mass. 173.  At a hearing in June, 1925, it was found that the employee was discharged from a hospital in 1923 "to enter a sanatorium for lung tuberculosis," that the treatment now given him at the Norfolk County Hospital is proper treatment, and the treatment received from the physicians and hospitals referred to in the record were an aid to him, that "an unusual condition, such as tuberculosis, resulting from injury, requires the best known treatment," and ordered the insurer to reimburse the employee for payments made by him to physicians and hospitals for services rendered after the two weeks following his injury.

As pointed out by DeCourcy, J., in *Rys's Case,* 245 Mass. 244, at page 246, the Industrial Accident Board in January, 1914, requested the Legislature to give the board authority to require the payment of bills for medical treatment beyond the first two weeks after the injury, in unusual cases "where the injury is so serious as to require and warrant such additional medical treatment."  The Legislature by St. 1914, c. 708, did not adopt the recommendation of the board in its entirety, and did not give the board authority to require the insurer to pay such expenses beyond the first two weeks when the injury was serious enough to require additional treatment.  The board was restricted in this respect to cases which were unusual, that is, to cases which were not ordinary or within the ordinary course of such injuries.

The nature of the injury is of importance in deciding whether the case is an unusual one within the statute.  But the cause of the injury or the unusual nature of the happening is not the final test.  The statute has reference to injuries which develop unexpected or unusual complications, requir-

ing the services of experts or unusual treatment. As stated in *Rys's Case, supra,* at page 249, "Among the 'unusual' cases would ordinarily be included, for example, those requiring major operations, spinal injuries calling for expensive special apparatus, and serious injuries to the eye or brain demanding the services of specialists. It is equally clear that the statute is not applicable to the common minor injury, calling for ordinary medical treatment."

There are many injuries suffered by employees which require them to remain in hospitals and which need the services of physicians for a much longer period than two weeks, but these expenses the statute does not authorize to be charged to the insurer. The injuries may be unusual in the sense that they do not occur under ordinary circumstances, or that recovery is prolonged. But such facts do not make them unusual cases as the words are used in the statute. There was nothing unusual in the case at bar. The plaintiff is afflicted with tuberculosis as a result of his injury, but the statute did not intend to put the expense of his cure on the insurer, as no unusual result or complication, no unexpected accident or symptom, intervened to bring the case within the statute. *Rys's Case, supra. Huxen's Case,* 226 Mass. 292.

It follows that the decree must be reversed and a decree entered for the insurer.

*So ordered.*