## MINNIE FAVOR'S CASE.

Hampden.    September 23, 1926. — October 18, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Physician's services; Procedure: findings by Industrial Accident Board, appeal.

An appeal from a decree of the Superior Court, denying a claim by a physician for payment by an insurer for services rendered by the claimant to one injured while in the employ of a subscriber under the workmen's compensation act, presented no question of law where the record certified by the board, while showing evidence of services rendered by the physician and the amount of his bill, contained no evidence that the services were adequate and reasonable or that the charges were reasonable, and showed that the board decided merely "that under all the circumstances existing in this case, the present petitioner's claim should be denied."

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying a claim by W. Edward Gorman, M.D., that the insurer pay him for services rendered to Minnie Favor, who was injured while in the employ of Bozart Rug Company.

In the Superior Court, by order of *Broadhurst, J.*, a decree was entered denying the claim. Dr. Gorman appealed.

The case was submitted on briefs.

*H. A. Moran*, for the claimant.

*G. Gleason*, for the insurer.

CROSBY, J.   This is an appeal by a physician from a decree of the Superior Court affirming a finding of the Industrial Accident Board.   G. L. c. 152.

The employee received an injury arising out of and in the course of her employment on December 28, 1922.   Thereafter she was paid some compensation, and on October 26, 1923, a lump sum settlement of $425 was approved by the board.   This sum, together with what she had previously received, made a total payment of $631.40.   The agreement for settlement so made recited that the payments were received "in compromise settlement, including hospital and medical expenses."   The appellant, Dr. W. Edward Gorman, treated the employee for her injuries for which he charged $127.   His last treatment as appears from his bill was on April 5, 1923.   He testified that he first learned of the settlement in September, 1924.   He first requested a hearing before the board upon the allowance of his bill in January, 1926, and a hearing was held on March 2, 1926; the board decided "that under all the circumstances existing in this case, the present petitioner's claim should be denied." This finding in substance and effect was affirmed by a decree thereafter entered in the Superior Court, from which decree the physician has appealed.

G. L. c. 152, § 13, provides in part that fees of physicians for services under the chapter "shall be subject to the approval of the department."   The statute further provides that "If the insurer and any physician . . . fail to agree as to the amount to be paid for such services, either party may notify the department, which may thereupon assign the case for hearing by a member thereof.   The member shall report the facts to the department for decision . . ." It is provided by § 30 of the same chapter that "During the first two weeks after the injury . . . and in unusual cases, in the discretion of the department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed. . . . Such approval shall be granted only if the department finds . . . that the services were adequate and reasonable and the charges reasonable."   It thus appears that before the in-

surer can be made responsible for the payment of charges for medical services, they must be approved by the department. There was evidence of services rendered by this physician and the amount of his bill, but there is no evidence to show that the services were adequate and reasonable or that the charges were reasonable. The evidence before the board presented questions of fact, and we cannot say. that its decision was erroneous. It may have found that the services were not adequate and reasonable and that the charges were not reasonable.

It is obvious upon this record that this was not an unusual case within the meaning of the statute. See *Rys's Case,* 245 Mass. 244; *Moore's Case,* 255 Mass. 533, 535. No question of law upon this record is presented for decision.

It is unnecessary to decide whether the case was alive when the physician presented his claim.

*Decree affirmed.*