HENRY HOOEY'S CASE.

Suffolk.    January 13, 1927. — March 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, "Unusual case."

If an employee of a subscriber under the workmen's compensation act, who was struck on the head by a brick which fell from the fourth story of a building where he was employed, suffered a concussion of the brain and a cut on the right side of his head which required seven stitches, remained in a hospital for fifteen days, thereafter suffered headaches, dizziness and pains in his limbs and neck, which were due to the injury, and after the expiration of the period of two weeks a physician continued at different times to treat him for nearly a year, the case as a matter of law should not be found to be an "unusual case" within the provisions of G. L. c. 152, § 30, entitling the employee to a decree ordering that he be reimbursed for payments to the physician for services rendered after the two weeks' statutory period.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board allowing a claim for reimbursement for payments for medical services rendered in what the board found to be an "unusual case" under G. L. c. 152, § 30.

In the Superior Court, the case was heard by *Hammond, J.,* by whose order there was entered a decree in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*W. I. Badger*, for the insurer.

*A. P. Connor*, for the claimant.

CROSBY, J. This is a proceeding under the workmen's compensation act by which the attending physician, Dr. H. Leo Devine, seeks to recover for medical services rendered to the employee after the two weeks statutory period provided in G. L. c. 152, §§ 13, 30. The Industrial Accident Board found that, on April 15, 1925, the employee was struck on the head by a brick which fell from the fourth story of the building where he was employed; that he suffered a concussion of the brain and a cut on the right side of his head which required seven stitches. He remained in a hospital for fifteen days. Thereafter he suffered headaches and dizziness and pains in his limbs and neck, which, the physician testified, were due to the injury. After the expiration of the period of two weeks, the doctor continued at different times to treat him until March, 1926; the board found that a reasonable charge for such services was $92. The treatment was given at the doctor's office and consisted of bathing, massage and sedatives. The board found that this was an unusual case under G. L. c. 152, § 30, and a decree was entered ordering the insurer to pay to the employee $92 for such medical attention, with interest from that date. The insurer appealed.

The question before us is whether this is an unusual case within the meaning of the statute. The distinction between "unusual cases" in the statute, and usual or ordinary cases, is not easy to define. It has been held, however, that the nature of the injury is of importance in deciding whether the case is or is not unusual; that cases "requiring major operations, spinal injuries calling for expensive special apparatus, and serious injuries to the eye or brain demanding the services of specialists" would ordinarily be considered as unusual. *Rys's Case*, 245 Mass. 244, 249. "The injuries may be unusual in the sense that they do not occur under ordinary circumstances, or that recovery is prolonged. But such facts do not make them unusual cases as the words are used in the statute." *Moore's Case*, 255 Mass. 533, 536. See also *Huxen's Case*, 226 Mass. 292. Although the employee in the present case was seriously injured, there is nothing to

show that any unusual or special medical treatment was required or administered. The treatment followed by the doctor would seem to have been simple, with no complications or unusual developments. In these circumstances it was not an unusual case. It is indistinguishable in principle from *Rys's Case* and *Moore's Case, supra.* It follows that the decree must be reversed and a decree entered in favor of the insurer.

*So ordered.*