### LOUIS PAPPAS'S CASE.

Suffolk.     November 8, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Unusual case. *Evidence*, Opinion: expert; Competency. *Words*, "Unusual."

The case of an employee who was injured by a box of chips weighing five or six hundred pounds falling on his right foot on July 19, 1926, following which his foot continued to pain him for some time, his physician attended him until September 29, it was necessary that an X-ray photograph of the foot be taken and, according to his physician's testimony, he could not sleep, morphine was injected into his arm, and he was in much pain, was not "unusual" under the provisions of G. L. c. 152, § 30.

It was improper, at the hearing by a single member of the Industrial Accident Board of an application by the employee's physician for an allowance of fees and expenses as for an "unusual case" under G. L. c. 152, § 30, to permit the physician to testify, against the objection of the insurer, that the case in his opinion presented "unusual" aspects: that question was for the Industrial Accident Board to decide and was not a proper subject for opinion evidence.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board upon the request of George M. Katsainos, M.D., for the approval of his claim for $109 for services and expenses relating to an injury suffered by Louis Pappas while in the employ of Worthington Pump and Machinery Company, adjudging the case to have been an "unusual case" under G. L. c. 152, § 30, and ordering the insurer to pay $104 for medical services and expenses.

On appeal to the Superior Court, the case was heard by *Morton*, J., by whose order a decree was entered in accordance with the decision of the board. The insurer appealed.

*L. Brown*, for the insurer.

No argument nor brief for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation act, the question to be decided is whether the case is an unusual one under G. L. c. 152, § 30, which gives the Industrial Accident Board authority in unusual cases to require the insurer to furnish adequate medical and hospital services for a longer period than two weeks.

The employee was injured by a box of chips, weighing five or six hundred pounds, falling on his right foot on July 19, 1926. His foot continued to pain him for some time, and his physician attended him until the twenty-ninth of September. An X-ray of his foot was taken. His physician testified that the patient could not sleep, that morphine was injected into his arm, and he was in much pain.

We are unable to find any evidence in this case which justified the finding of the Industrial Accident Board that it was an unusual one. The injury was serious and the employee suffered pain, but this is not enough to establish that the case is so unusual as to require medical services beyond the two weeks specified in the statute. There are

many cases of injuries requiring medical care for a longer period than two weeks, but the Legislature did not see fit to allow for such care ; they limited the right to receive medical services after the two weeks to unusual cases where there were complications or unusual developments. This question was fully discussed in recent cases. *Rys's Case*, 245 Mass. 244, 247, 248. *Moore's Case*, 255 Mass. 533. *Hooey's Case*, 258 Mass. 515. If the statute is to be extended to cover cases where medical attendance is required after two weeks although the case is not an unusual one, the change must be sought from the Legislature.

It appeared that the insurer was not allowed to be heard by the Industrial Accident Board on the question of the allowance of the physician's fees for the period following the first two weeks after the injury. As the case was not an unusual one, we do not think it necessary to discuss this question.

The employee's physician was allowed to testify, against the objection of the insurer, that the case in his opinion presented unusual aspects. If this evidence was introduced to show that the case was an unusual one, as we assume it was, it was inadmissible for that purpose. This question was for the Industrial Accident Board to decide and was not a proper subject for opinion evidence. See *Short Mountain Coal Co.* v. *Hardy*, 114 Mass. 197, 213; *Rice* v. *James*, 193 Mass. 458, 462.

The decree of the Superior Court ordered the insurer to pay the employee's physician for his services from July 20 to September 29, 1926. The physician is to be paid for his services during the first two weeks after the injury. G. L. c. 152, § 30. The decree is to be modified by directing the insurer to pay this amount, and as so modified it is affirmed.

*So ordered.*