JOHN BOURGARDES'S CASE.

Suffolk. November 13, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Unusual case. *Words*, "Unusual."

On evidence at a hearing before the Industrial Accident Board that an employee, after spraining his foot, was treated for four months at the expense of the insurer; that he then consulted a specialist who was still treating him more than a year after the injury by strapping the foot,

and who diagnosed the employee's ailment as "traumatic arthritis"; and that a normal recovery from a sprained foot would take place within six or eight weeks after the injury, a decision by the board, finding that the case was "unusual" under G. L. c. 152, § 30, and ordering the insurer to pay the specialist for his services, was not warranted; and a decree of the Superior Court denying the specialist's claim must be affirmed.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, upon the request of Myron A. Strammer for the approval of his claim for services in connection with an injury suffered by John Bourgardes while in the employ of the Hotel Bellevue Company, adjudging the case to have been "unusual" under G. L. c. 152, § 30, and ordering the insurer to pay the claimant $81.

Material evidence given at the hearing before a single member of the Industrial Accident Board on May 11, 1927, and reported to the full board for decision, is stated in the opinion. There also was evidence that the employee was treated at the expense of the insurer for four months and first consulted the claimant on May 21, 1926, and was still being treated by him at the time of the hearing.

In the Superior Court a decree was entered by order of *Cox*, J., denying the claim. The claimant appealed.

The case was submitted on briefs.

*F. Wilson*, for the claimant.

*L. J. MacNab*, for the insurer.

RUGG, C.J. The employee received injuries arising out of and in the course of his employment under the workmen's compensation act. The question presented is whether this is an "unusual" case where, under G. L. c. 152, § 30, discretion may be exercised to charge the insurer with the payment of the doctor's bill after the lapse of the period of two weeks allowed by the statute. The finding of the board was in favor of the claim, but it was denied by decree of the Superior Court.

There was evidence tending to show that the employee suffered from a sprained foot on January 14, 1926, that he was treated by a doctor to whom he was sent by the employer, that he has tried six or seven times to return to work but in

each instance has been unable to continue, and thereafter was not able to work for several months subsequent to September 14, 1926.   One would normally recover from a sprained foot within six to eight weeks.   Under the treatment provided he did not recover and finally consulted the claimant, a specialist in this class of cases.   He testified that the employee did not fracture any bones in his foot, but injured a joint.   His original diagnosis was "sprain."   His diagnosis now is "traumatic arthritis."

These two words are in common use.   They mean an inflammation of the joint arising from an injury.   The description of the condition of the employee goes no further than these words indicate.   The only treatment which gave the employee relief was strapping the foot.   The employee appears to have been able at all times to go to the office of the claimant and to be out and about.

The case is governed by *Moore's Case*, 255 Mass. 533.   It there was said at page 536: "The injuries may be unusual in the sense that they do not occur under ordinary circumstances, or that recovery is prolonged.   But such facts do not make them unusual cases as the words are used in the statute."   It is not necessary further to repeat or paraphrase what has been so recently decided with references to the statutory history of the words and to earlier authorities. There was nothing unusual in the statutory sense in the case at bar.   *Rys's Case*, 245 Mass. 244.   *Favor's Case*, 257 Mass. 267, 269.   *Hooey's Case*, 258 Mass. 515.   *Pappas's Case*, 262 Mass. 51.   For cases falling on the other side of the line, see *Huxen's Case*, 226 Mass. 292; *Meuse's Case*, 262 Mass. 95.

*Decree affirmed.*