## JAMES ALLEN'S CASE.

Suffolk.   December 12, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Physician's services.

At the hearing of a claim by a physician in proceedings under the workmen's compensation act for services in performing an operation upon the hand of an employee, the following facts appeared: The employee consulted a physician (not the claimant) who bandaged his hand. Under advice by that physician, he then went to a hospital where a nurse asked him if he had a doctor, and he said he knew no doctor at the hospital. The nurse "suggested the name of . . . [the claimant] and he said that . . . [the claimant] would be all right." The claimant operated at the hospital. At that time he was a member of the hospital staff and chief of its accident service, but he received no salary from the hospital. The insurer paid a bill presented by the hospital. The Industrial Accident Board found that the employee "did not choose a physician as" contemplated by G. L. c. 152, § 30, as amended by St. 1927, c. 309, § 5, and that the insurer fulfilled the obligation placed upon it by the statute and furnished adequate and reasonable hospital services to the employee; and denied the claim of the physician. In the Superior Court, a final decree was entered allowing the claim. The insurer appealed. *Held*, that

(1) The finding by the board, that the employee did not choose a physician as contemplated by said § 30 as amended, was warranted;

(2) No emergency existed and there was no approval by the department of industrial accidents, under the provisions of said § 30 as amended, entitling the physician to have his claim allowed;

(3) The claim should be disallowed.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying a claim of Martin H. Spellman, M.D., for services rendered to James Allen, who received injuries while in the employ of Arthur C. Harvey Company.

In the Superior Court, the case was heard by *Bishop*, J. Besides the facts stated in the opinion, the following appeared: The injury received by the employee on March 23, 1927, was the jamming of his right hand in the cogs on a saw as a result of which his right middle and index fingers

had to be completely amputated and his right ring finger amputated at the second joint. He first consulted one Dr. Laribee, who bandaged his hand and advised him that his was a hospital case. He then went to St. Elizabeth's Hospital in Boston, where the conversation with the nurse described in the opinion took place, and where Dr. Spellman operated on the same day. He was discharged to the out patient department on April 8, 1927. The board further found: "Dr. Spellman . . . was at the time chief of the accident service at the hospital and had been such for about seven months. As such he was a member of the hospital staff and he testified that as staff doctor 'he gives his time gratis to the poor. He receives no salary from St. Elizabeth's Hospital.' He rendered a bill in this case for $45. While the bill was made out in the name of the employee, the bill apparently was sent to the insurer and the present proceeding is brought by the doctor to collect from the insurer. At this point it may be proper to state that the board finds that so far as the professional services of the petitioner are concerned they were adequate and that if no other factor entered into the case except the value of those services, as such, the charge made by him is reasonable."

By order of the judge, a final decree was entered awarding Dr. Spellman $45 to be paid by the insurer. The insurer appealed.

G. L. c. 152, § 30, as amended by St. 1927, c. 309, § 5, reads as follows:

"During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, or cases requiring specialized or surgical treatment, in the discretion of the department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services. The employee may select a physician other than the one provided by the insurer; and in case he shall be treated by a physician of his own selection, or where, in case of emergency or for other justifiable cause, a physician

other than the one provided by the insurer is called in to treat the injured employee, the reasonable cost of his services shall be paid by the insurer, subject to the approval of the department. Such approval shall be granted only if the department finds that the employee was so treated by such physician or that there was such emergency or justifiable cause, and in all cases that the services were adequate and reasonable and the charges reasonable. In any case where the department is of opinion that the fitting of the employee with an artificial eye or limb, or other mechanical appliance, will promote his restoration to industry, it may order that he be provided with such an artificial eye, limb or appliance, at the expense of the insurer."

*W. I. Badger*, for the insurer.

*S. B. Horovitz*, for the claimant.

CARROLL, J. In this proceeding under the workmen's compensation statute Dr. Spellman, a member of the staff of the hospital to which the employee was taken following his injury, seeks to recover compensation for his services as a physician in the treatment of the employee at the hospital. The employee was paid the compensation due him under the statute and the insurer paid the hospital bill amounting to $63.

The Industrial Accident Board found that the injured employee consulted a doctor, who bandaged his hand; that he then went to St. Elizabeth's Hospital where a nurse asked him if he had a doctor, and he said he knew no doctor at the hospital; that the nurse "suggested the name of Dr. Spellman and he said that Dr. Spellman would be all right." The board further found that the employee did not choose a physician as the statute contemplated, that the insurer fulfilled the obligation placed upon it by the statute and furnished adequate and reasonable hospital services to the employee, and denied the claim of the physician for services in the care of the employee. In the Superior Court a decree was entered for Dr. Spellman in the sum of $45. The insurer appealed.

G. L. c. 152, § 30, so far as material, provides that during the first two weeks after the injury the insurer is to furnish

adequate and reasonable medical and hospital services; that the employee may select his own physician or in case of an emergency a physician other than the one provided may be called to treat the patient at the expense of the insurer, subject to the approval of the department. As we construe the findings of the board, the insurer complied with the statute and did all that was required of it — it furnished the employee with adequate and reasonable medical and hospital services. Physicians as well as nurses are generally expected to be in attendance at a public hospital. A patient who has been taken to such an institution if he has no physician of his own to treat him naturally expects that he will receive treatment from some one on the staff. When an injured employee under the compensation act goes to such a hospital and does not select a physician, the payment to the hospital of its charges includes the expenses of nurses and physicians, and the insurer is not required to pay the physician who is a member of the staff for his services.

The board found as a fact that the employee did not choose a physician. The finding was warranted. The employee was at the hospital for treatment. His response to the nurse's suggestion concerning Dr. Spellman was not a selection of a physician under the statute. The employee was willing to accept such facilities as were offered, including nurses and physicians; he accepted the suggestion of the nurse, but he did not make such a selection as the statute contemplates when a patient selects a physician other than the one provided by the insurer.

There was no emergency which entitled the doctor to compensation under the statute. In case of an emergency a doctor called to treat a patient may recover compensation, but this is to be subject to the approval of the department and in the case at bar there was no such approval.

*Decree reversed.*

*Decree to be entered for insurer.*