## EMILI SOUZA'S CASE.

Bristol.    October 28, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Unusual case.

Although, in a hearing by the Industrial Accident Board of an application under the workmen's compensation act, G. L. c. 152, § 30, as amended by St. 1927, c. 309, § 5, all the evidence at hearings by successive single members of the Industrial Accident Board at previous stages of the case is before the board, the board is at liberty to refuse to give

credit to any part of such evidence not in their opinion entitled to credit; have power, if there is evidence to warrant their so doing, to find facts at variance with those found by the successive single members; and are not necessarily governed by the opinions and findings of such single members.

A finding by the Industrial Accident Board, in proceedings under the workmen's compensation act, that the case of an employee who had sustained an injury to her thumb by having it drawn into a calender roller in a yarn mill, following which she suffered from hysterical paralysis of the right extremities, was not an unusual case within the provisions of G. L. c. 152, § 30, as amended by St. 1927, 309, § 5, was warranted by the testimony of the physician for the insurer, the testimony of an impartial physician, and that in the cross-examination of a physician called by the employee, in substance showing that the employee had been hysterical all her life; that she was suffering from hysterical paralysis of the right side of her body; that that condition was not primarily caused by the injury to her thumb; that the injury itself was only of a slight nature; and that her condition at the time of the hearing was not causally related to her accident.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that the case, described in the opinion, was not an unusual case under G. L. c. 152, § 30, and that the insurer should not be charged with the payment of a hospital bill.

In the Superior Court, the case was heard by *F. T. Hammond*, J., by whose order a final decree was entered in accordance with the decree of the Industrial Accident Board. The claimant appealed.

*H. W. Radovsky*, (*D. R. Radovsky* with him,) for the claimant.

*R. A. Bogle* (*H. S. R. Buffinton* with him,) for the insurer.

PIERCE, J. On August 6, 1919, Emili Souza, an employee of the Globe Yarn Mill at Fall River, sustained an injury to her thumb by having it drawn into a calender roller. At a hearing before a member of the Industrial Accident Board on October 11, 1920, it was decided, on conflicting evidence, that the employee as the result of her accident was suffering from hysterical paralysis of the right extremities. On December 8, 1922, at a hearing before a different member of the Industrial Accident Board on the question "Whether or not the employee's condition of in-

capacity is due to or causally related with a personal injury out of and in the course of her employment," it was agreed that the employee had sustained a personal injury arising out of and in the course of her employment on August 6, 1919, that her average weekly wages were $12.60, and that an agreement for compensation had been entered into by virtue of which the employee was paid a weekly compensation of $8.40; and the single member ruled and found "that compensation is to continue, subject to the provisions of the Act."

On October 1, 1926,. at the request of the employee, a hearing was had by a single member of the Industrial Accident Board "upon the petition of several doctors asking that the insurer be charged with the payment of their bills for medical services rendered the employee as a result of . . . [the] injury." The single member reported all the material evidence to the Industrial Accident Board and the board decided "On consideration of all the testimony involved in this case . . . that the insurer should not be charged with the payment of the bills for medical services now before them."

On October 21, 1927, on request of the employee for approval of the hospital bill, a hearing was had by a single member on the question "Whether or not this is an unusual case," and the evidence was referred to the full board for decision under G. L. c. 152, § 30. On November 19, 1927, the Industrial Accident Board decided "On consideration of all the testimony in this case . . . that this is not an unusual case under G. L. c. 152, c. [§ ?] 30 and decline to approve the hospital bill." The decision of the board was affirmed in the Superior Court by a decree entered on April 4, 1929, and an appeal was duly taken from that decree by the employee on April 8, 1929.

G. L. c. 152, § 30, as amended by St. 1927, c. 309, § 5, provides that "During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, or cases requiring specialized or surgical treatment, in the discretion of the

department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services." The finding of the board that this is not an unusual case is one of fact and is conclusive if there is any evidence from which the finding could have been made. *Huxen's Case,* 226 Mass. 292. *Pass's Case,* 232 Mass. 515, 516. *Chisholm's Case,* 238 Mass. 412, 419. *Beckford's Case,* 268 Mass. 221, 226. *Hill's Case,* 268 Mass. 491, 493. Although all the evidence is reported, it is to be noted "that the board was at liberty to refuse to give credit to any part of the evidence not in their opinion entitled to credit," *Pass's Case, supra,* and had power upon the same evidence to find facts at variance with those found by the single members and was not necessarily governed by their opinion or findings. *Sonia's Case,* 234 Mass. 475, 476. *Fountaine's Case,* 246 Mass. 513. *Savage's Case,* 257 Mass. 30, 31.

The testimony given at the hearings before the single members, in connection with the additional testimony which was before the Industrial Accident Board on the petition of October 21, 1927, was sufficient to warrant the finding of the board that this is not an unusual case under G. L. c. 152, § 30. More specifically, the testimony of the physician for the insurer, the testimony of the impartial physician, and that of the physician called by the employee on cross-examination, warranted the board in finding that the employee had been hysterical all her life; that she was suffering from hysterical paralysis of the right side of her body; that that condition was not primarily caused by the injury to her thumb; that the injury itself was only of a slight nature; and that her condition at the time of the hearing was not causally related to her accident. *Rys's Case,* 245 Mass. 244, *Moore's Case,* 255 Mass. 533, *Hooey's Case,* 258 Mass. 515, *Pappas's Case,* 262 Mass. 51, and *Meuse's Case,* 262 Mass. 95, relied on by the employee, decide that if the board believes the testimony and comes to the conclusion that a case is an unusual case, such finding will stand if there is any evidence on which it might

reasonably have been founded; but they do not decide that the board is to believe all or any testimony in favor of the employee and therefore find as matter of law that the case is an unusual case.

*Decree affirmed.*