### COLEMAN MULKERN'S CASE.

Suffolk.    November 14, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Review by Industrial Accident Board, Appeal. *Proximate Cause.*

After an injury to his eye resulting in partial incapacity, an employee in 1927 made with the insurer of his employer, in accordance with the provisions of the workmen's compensation act, an agreement for compensation, which was filed and approved by the Industrial Accident Board. Later he returned to work and compensation was discontinued. Later still, he was discharged because of his inability under the then conditions to do his work, and applied to the board for a hearing upon the question of his incapacity. The board in March, 1928, and also at a further hearing in March, 1929, found that continued partial incapacity of the employee resulted from the injury to his eye in 1927, which arose out of and in the course of his employment, and that he was entitled to a continuance of compensation. The insurer did not seek a review of either decision, but paid compensation in accordance therewith. In February, 1930, at a further

hearing held upon application by the insurer, a single member found that the then incapacity of the employee was not a result of his injury and that he was entitled to no further compensation. The board in review ruled that the question of the cause of his incapacity was not open to the insurer; and found that the employee continued to be partially incapacitated as a result of the injury and that he was entitled to a continuance of compensation. Upon certification to the Superior Court, a decree was entered discontinuing compensation. The employee appealed. *Held*, that, although it was not then open to the insurer to dispute the previous conclusions of the board, it was open to the insurer at the last hearing to prove that the then condition of the employee was not related to the injury and that the effects of the injury had terminated.

Upon consideration of all the evidence in the case above described, including testimony by medical experts adverse to the employee's contentions, it was *held*, that the finding by the board on review was not warranted.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board ordering the continuance of payment of compensation to the claimant.

Sundry proceedings before the Industrial Accident Board relative to the claimant are described in the opinion. In the Superior Court, by order of *Lummus*, J., a decree was entered reversing the decision of the Industrial Accident Board and ordering the insurer relieved from further payment of compensation. The claimant appealed.

*J. A. Mulhall*, for the claimant.

*H. F. Tracy*, for the insurer.

PIERCE, J. This is an appeal by the employee from a final decree entered in the Superior Court, wherein the decision of the Industrial Accident Board was vacated and reversed, and the insurer was relieved from further payment of compensation to the employee.

While in the service of the Boston Show Case Company as a cabinet maker, the employee received an injury to his right eye on August 3, 1927. Subsequently to the injury, the employee and the insurer reached an agreement as to compensation which was approved by the Industrial Accident Board. This agreement stated that the parties have "reached an agreement in regard to compensation for the injury sustained by said employee while in the

employ of the Boston Show Case Company on August 3, 1927, by reason of while [sic] at work got glue in right eye and resulting in ulcer of the cornea as a result of infection." The insurer paid to the employee compensation in pursuance of this agreement.

Sometime later in August, or the first part of September, the employee returned to work at the Boston Show Case Company and the insurer discontinued the payment of compensation. After working until the week of March 5, he was discharged because of his inability under the then conditions to do the work of a cabinet maker. As a result of his discharge he made an application to the Industrial Accident Board for a hearing on the question of his incapacity. A hearing was held before a member of the Industrial Accident Board on March 26, 1928. The member, in his decision filed on March 28, 1928, found "Upon the evidence . . . that this employee is partially incapacitated for work as a result of the injury to his right eye. He was twice laid off and finally discharged . . . because of his inability to properly do the work after his injury"; that he had an earning capacity of $24 per week; and he found that the employee was entitled to compensation at the rate of $17 per week. The decision further provided: "If the employee's injury prevents him from getting any work that he can do, he may come in and have this finding in regard to partial compensation reviewed as from the date of this hearing."

On March 5, 1929, the employee was granted a hearing before another member of the Industrial Accident Board on the question whether or not "his present condition is due to a personal injury arising out of and in the course of his employment." The member in this decision, filed May 4, 1929, ruled that the earlier report and decision of the board member filed March 28, 1928, and the agreement in regard to compensation filed with the board on April 9, 1928, and approved on April 26, 1928, "are incorporated in this record by reference." He further ruled that the question as to whether the employee's eye condition was the cause of his partial incapacity for work

was adjudicated in the earlier decision, and since no appeal was taken from that decision that question is not now open to the insurer. He found upon all the evidence " that the employee continues to be partially incapacitated for work as a result of conditions due to his injury of August 3, 1927, and that he is entitled to the continuance of partial incapacity compensation, as previously awarded, at the rate of $17 a week, subject to the provisions of the Act." From this decision the insurer filed a claim for review. The Industrial Accident Board heard the parties on June 6, 1929, and in the decision, filed on June 18, 1929, refused to recommit the case to the single member for the hearing of further evidence, and upon all the evidence, affirmed and adopted the findings and decision of the single member. The insurer did not further appeal but continued to pay compensation to the employee.

On February 18, 1930, the insurer was granted a hearing before a single member on the questions (1) Incapacity and (2) Is the employee's present condition related to the accident of August 3, 1927? The single member in his decision filed April 21, 1930, found: " This employee has been paid compensation for incapacity for work resulting from a personal injury to his right eye, which arose out of and in the course of his employment. The employee's claim is that all of his trouble with the right eye dates from the time of his injury of August 3, 1927, at which time a piece of glue entered the eye. The medical evidence in the case indicates that the employee's present impairment of vision is not due to the injury of August 3, 1927, but to a disease of the cornea, neuropathic keratitis, resulting from a bodily infection unrelated to the injury. I therefore find that the employee's incapacity for work as a result of his injury has terminated, and that no compensation will be due him after the filing of this decision."

On the appeal of the employee a hearing was held on review by the Industrial Accident Board on May 22, 1930. " The report of the Board Member contains all the

material evidence." The insurer filed the following requests for finding of fact: (1) "That the employee received an injury to his right eye on August 3, 1927"; (2) "That the employee is now suffering from some condition of the eye"; (3) "That the present condition of the employee's eye is not related to the injury of August 3, 1927"; and (4) "That the effects of the injury sustained on August 3, 1927, are now cleared up." The Industrial Accident Board gave requests numbered 1 and 2, and refused to give requests numbered 3 and 4. The Industrial Accident Board stated its position as follows: "Certain questions are adjudicated by the decision of the Board Member (Mr. Donahue) filed on March 28, 1928, from which no claim for review was claimed by either party. The decision of Mr. Stiller (Board Member), filed on May 4, 1929, affirmed by the Board, states: ' In Mr. Donahue's decision, the question as to whether the employee's eye condition was the cause of his partial incapacity for work was adjudicated and, since no appeal was taken from that decision, that question is not now open to the insurer. The agreement in regard to compensation approved by the Board stated that the parties have "reached an agreement in regard to compensation for the injury sustained by said employee while in the employ of the Boston Show Case Company on August 3, 1927, by reason of while at work got glue in right eye and resulting in ulcer of the cornea as a result of infection." The facts of the injury having been found by the Board Member and agreed to by the parties, and the eye condition having been found to be due to the injury and the parties having agreed that the " ulcer of the cornea " was due to the injury, that question is not now open.' See *Kareske's Case,* 250 Mass. 220 "; and found " that the employee continues to be partially incapacitated for work as a result of his eye condition due to the personal injury received by him on August 3, 1927, and that this is a continuation of the condition which has incapacitated him for work from March 8, 1928, the date upon which the Board Member first reduced his compensation to a

partial incapacity basis. The Board find that the employee is entitled to the resumption of partial compensation at the rate of $17.00 a week, dating from April 21, 1930, the date of the filing of the Board Member's decision, and continuing, subject to the provisions of the Act."

The question whether the employee received an injury to his right eye on August 3, 1927, which arose out of and in the course of his employment, is not now open to the insurer, nor is it now open to it to dispute that the " ulcer of the cornea " was due to the injury to the eye sustained on that day. Further, it is not open to the insurer to contend that on March 28, 1928, the employee continued to be incapacitated for work as a result of conditions due to his injury of August 3, 1927. *Kareske's Case*, 250 Mass. 220. But it was open to the insurer at the hearing on February 18, 1930, to prove that the then condition was not related to the injury of August 3, 1927, or that the effects of the injury sustained on August 3, 1927, were then cleared up.

At the hearing on February 18, 1930, the employee and a physician called by the insurer testified. The employee testified to the effect that up to the time of the accident he could do cabinet making, that he could do any kind of wood work given him to do, and that now he is not able to do any kind of fine work on account of the condition of his eye. The physician, an eye specialist, had made seventeen examinations of the employee. He testified respecting his observation of the eye when he first saw it on August 10, 1927, and when at different times he saw it thereafter, the last time on December 14, 1929. He testified as to his actual and advisory treatments of the eye, and stated that when he examined the employee on December 14, 1929, he was suffering from " neuropathic keratitis," which is a disease of the cornea, usually due " to some focus of infection somewhere in the body " which is " not in any way related to his injury." He further testified that he could not say definitely when " he finally came to the decision that the employee's present condition was not at all related to his injury,

but stated that it was previous to December 14." The single member of the board incorporated by reference the record of the previous hearing. At the hearing on March 5, 1929, the employee was the only witness. The report of the impartial physician is made a part of the record. It bears date of January 31, 1929, and states that "In my opinion the impairment of vision in this case is not due to the alleged injury of Aug. 3, 1927, but to scars of the cornea resulting from ulcers that occurred before this date. The present congested and irritable condition of the patient's eyes is due to resacea and this is not due to the injury but to a constitutional condition, perhaps caused by improper diet. It is probable that the old ulcers of the cornea were dependent upon the resacea also."

Without examination and analysis of the testimony of other medical experts, all of which was adverse to the contention that the condition of the employee's eye at the time of the hearing was the result of the injury on August 3, 1927, we think the testimony, other than medical, did not warrant the finding of the board "that the employee continues to be partially incapacitated for work as a result of his eye condition due to the personal injury received by him on August 3, 1927."

*Decree affirmed.*