ARTHUR H. BEAN'S CASE.

Suffolk. February 5, 24, 1931. — June 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act*, Parties, Appeal, Unusual case.

The physician of an employee was not a party to proceedings under the workmen's compensation act, where it appeared that hearings, to determine whether the case was "unusual" within the meaning of § 30, were held by the Industrial Accident Board at the request of the employee, although the physician's name appeared in the caption of the printed record sent from the Superior Court to this court on appeal; and the physician was not entitled to appeal from a decree entered by order of a judge of the Superior Court adjudging that the case was not "unusual."

A stricture of the urethra suffered by an employee, necessitating the passing of sounds approximately every ten days in order to empty the employee's bladder, where it appeared that the employee worked regularly and went to the office of his physician for treatment, was not an "unusual" case within the meaning of G. L. c. 152, § 30, although the injury might have arisen in an unusual way.

An admission by the insurer, at a hearing held by the Industrial Accident Board under the workmen's compensation act, that the case was "unusual" under § 30, did not preclude an inquiry into that question at another hearing held two years later.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board that the case was an "unusual" one within the meaning of § 30 of the act; that the insurer was "obligated to pay" the employee's physician a certain sum for services rendered to October 25, 1929; and that it should "continue to pay reasonable fees for the continuance of the medical services."

Material facts appear in the opinion. In the Superior Court, a decree was entered by order of *Bishop*, J., adjudging that the case was not an "unusual" one. Edward Martin, the physician, appealed.

*J. F. Lawton*, for the claimant.

*F. J. Donahue*, for the insurer.

RUGG, C.J. The opening paragraph of the findings and decision of the Industrial Accident Board and the other parts thereof material to this decision are of the tenor following: "The above case, the request of the employee for the payment of his medical bills, under G. L., c. 152, § 30, was heard by Mr. Parks, at the rooms of the Board, State House, Boston, Mass., on Monday, October 21, 1929, and the evidence is reported herewith to the Industrial Accident Board for finding and decision, as provided by s. 13. . . . A hearing was held on September 23, 1927, in re reasonableness of Dr. Martin's charges in this case up to and including July 5, 1927, and the Board found that they were reasonable and approved payment of the same. The hearing now is on Dr. Martin's bill for services subsequent to July 5, 1927. Questions: (1) Whether the case is an 'unusual' one within the meaning of the act. (2) Whether the insurer is bound to continue to pay bills for services made necessary by reason of his injury." The decision of the board was that "this case continues to be unusual within the meaning of the act," that the bill for services was reasonable, and that the insurer was "obligated to pay to Dr.

Martin " a specified sum. The case went to the Superior Court, where decree was entered to the effect that the case was not an unusual one within the meaning of the workmen's compensation act. The physician alone appealed to this court from that decree.

At the argument at the bar of this court it was stipulated by the attorney for the insurer and the attorney for the physician that the said hearing on September 23, 1927, was held at the request of the employee to determine the rights of the parties under G. L. c. 152, § 30, that the only question then raised by the insurer related to the reasonableness of the charges and that the record showed that the insurer then admitted that the case was unusual and had paid all medical expenses incurred up to January 28, 1927.

It is manifest that the physician is not and has not become a party to these proceedings. The hearings were held at the request of the employee, not at the request of the physician. The physician may become a party to proceedings of this nature. *Huxen's Case*, 226 Mass. 292. *Golden's Case*, 240 Mass. 178. *Allen's Case*, 265 Mass. 490. No great formality is required to that end. He is not a party merely because the employee petitions for payment of the charges made to him by his physician. The single circumstance that the name of the physician appears on the caption of the printed record sent from the Superior Court does not make him a party. That cannot overcome the specific assertion in the body of the record that the proceeding was by the employee.

Since the physician was not a party to the proceedings, he could not appeal from the decree of the Superior Court. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526. If, however, the case be considered on its merits, no error is disclosed.

If the ruling of the trial judge be considered on its merits, it is plain that the medical aspects of the employee's condition did not present an unusual case within the meaning of G. L. c. 152, § 30. Doubtless his injury arose in an unusual way; but that does not make an unusual medical

case. The injury was a stricture of the urethra. To relieve the condition thereby created, it was necessary to have sounds passed every ten days approximately in order to empty the bladder. The employee works regularly and goes to the office of his physician for treatment. Within the authority of numerous cases this does not constitute an unusual case. *Rys's Case*, 245 Mass. 244. *Moore's Case*, 255 Mass. 533. *Hooey's Case*, 258 Mass. 515. *Pappas's Case*, 262 Mass. 51. *Bourgardes's Case*, 265 Mass. 449.

The admission of the insurer at an earlier hearing that the case was unusual did not preclude an inquiry into the fact as it might be two years later, at the time of the hearing here assailed. *Mulkern's Case*, 274 Mass. 69, 74. The precise issue stated as being heard by the board was "Whether the case is an 'unusual' one." The decision of that issue was wrong. The rule of *Kareske's Case*, 250 Mass. 220, is not pertinent.

*Decree affirmed.*