## MARY PICANSO'S CASE.

Suffolk.    November 23, 1932. — January 6, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* Services of dentist.

An insurer under the workmen's compensation act is not required by G. L. (Ter. Ed.) c. 152, § 30, to pay expenses of dental services rendered an employee who was injured within the provisions of the act, where it appears that the services were not rendered within two weeks of the injury and that the employee was not incapacitated by the injury.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board allowing a claim of a dentist, C. B. Rhangos, for services rendered Mary Picanso, an employee of Lowell Silk Mills, who was injured within the provisions of the act.

Material facts shown by the record are stated in the opinion. In the Superior Court, the case was heard by *F. J. Donahue*, J., and a final decree was entered dismissing the claim. The claimant appealed.

*T. J. Noucas*, for the claimant.

*G. Gleason*, for the insurer.

CROSBY, J. This is an appeal by the claimant, a dentist, from a decree entered in the Superior Court which reversed a decision by the Industrial Accident Board. It was agreed that Mary Picanso, the employee, was struck in the face by a flying shuttle on July 11, 1931; that one of her teeth was broken, and one loosened; and that she was treated for her injury by the claimant. He testified that she came to his office in August, 1931, and that after an X-ray he extracted two of her teeth and replaced them with a bridge containing two artificial teeth. He further testified that $65 was a fair charge for the service rendered. The Industrial Accident Board found that as a result of the injury "it was necessary, in order that the employee might continue at work, that surgical attention be given to her teeth. The blow that broke one tooth also had its effect on other teeth, and it was necessary that this dental treatment be given." The board further found that $65 was a reasonable sum for the services of the claimant and approved the same for payment by the insurer. The decree dismissed the claim on the grounds that the medical treatment was not rendered during the first two weeks after the injury was sustained, that the employee suffered no incapacity for work resulting from her injury, and that the insurer was not liable for the dental treatment rendered in August, 1931.

It is provided by the workmen's compensation act, G. L. c. 152, § 30, as follows: "During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, or cases requiring specialized or surgical treatment, in the discretion of the department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital

services, and medicines if needed, together with the expenses necessarily incidental to such services. . . ." It is agreed that the employee "lost no time on account of this accident." It was said in *Huxen's Case*, 226 Mass. 292, at page 295, that "It is manifest that the Legislature did not intend to impose all expenses of medical attendance upon the insurer. The obligation to provide such attendance as an absolute duty is confined to two weeks after the injury. . . . It is not in an ordinary case requiring longer medical attendance that the discretion of the board may be exercised to charge this attendance to the expense of the insurer. It is only in 'unusual cases' that they may do so." Since this decision was rendered said § 30 was further amended by St. 1927, c. 309, § 5, by inserting after the words "unusual cases" the following "or cases requiring specialized or surgical treatment."

Under the statute as amended the insurer may be required to furnish and pay for surgical treatment for a period of time longer than the first two weeks after the injury during which the employee was receiving medical treatment, or, if the employee is not immediately incapacitated, then for a period longer than the first two weeks from the time of such incapacity during which the employee has been receiving specialized or surgical treatment. It is manifest that it was the intention of the Legislature that the obligation to provide medical or surgical attendance as an absolute duty is confined to the two weeks following the injury, or, if the employee is not immediately incapacitated, during the first two weeks after such incapacity; and, if in either case the employee has received medical treatment during the first two weeks, then in "unusual cases" under the statute before the enactment of St. 1927, c. 309, § 5, and later since the last amendment in cases requiring specialized or surgical treatment, the department may in its discretion order the insurer to pay for further treatment. If it was the intention of the Legislature that the insurer should pay for treatment rendered more than two weeks after the accident, when there has been no incapacity, it would undoubtedly have so provided.

It follows that as the employee received no medical or surgical treatment during the first two weeks after the injury, and as she was not incapacitated from work and lost no time on account of the accident, there is no provision in the statute for the payment for such treatment thereafter. The cases cited by the claimant are not at variance with what is here decided.

*Decree affirmed.*