## NEWTON GOLDEN'S CASE.

Worcester.    September 26, 1921. — November 26, 1921.

Present: RUGG, C.J., DE COURCY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Procedure, Petition for fees.    *Masseuse.*

A petition to the Industrial Accident Board under St. 1911, c. 751, Part III, § 13, as amended by Sts. 1914, c. 708, § 12; 1917, c. 297, § 9, for the approval of charges for services as a masseuse rendered by the petitioner to an employee who had been awarded compensation under the workmen's compensation act, was heard by a single member of the board, who reported facts found by him to the board, upon which the board made findings, allowed the charges in part and directed that the fees as allowed be paid by the employer's insurer. The board's decision was certified to the Superior Court, by whose order a decree was entered in accordance with the decision of the board; and the insurer appealed. *Held*, that a decision by the single member of the board was not necessary, and that the procedure adopted was correct.

While the term "medical services," if used without limitation, may be susceptible of a broad construction, as used in G. L. c. 152, § 30, it is restricted to medical assistance rendered by a physician or under his direction and control.    By JENNEY, J.

A masseuse is not entitled, under the provisions of G. L. c. 152, § 30, to payment of her fees for services rendered in an "unusual" case solely at the employee's request and not as a part of treatment by a physician or in a hospital, such services not being "medical" or "hospital services" within the statute.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board finding and ruling, upon a petition by Gertrude R. Doyle for the approval of her fee of $909 for services rendered by her as masseuse to Newton Golden, who had received injuries on March 29, 1918, while employed by the Worcester Electric Light Company, that the case was "unusual" under Part II, § 5, of the workmen's compensation act, "the injury of March 29, 1918, having resulted in complete atrophy of the employee's right hand and arm and necessitating medical treatment by the petitioner," that $606, allowing $2 per treatment, was a reasonable bill for the services, and that a charge of $606 was "approved for payment by the insurer."

In the Superior Court, by order of *Lawton*, J., a decree was

entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

G. L. c. 152, §§ 8, 13, 30, are as follows:

"Section 8. Such member shall make such inquiries and investigations as shall be deemed necessary. The hearing shall be held in the town where the accident occurred or in such other place as the department may designate; and the decision of the member, together with a statement of the evidence, his findings of fact, rulings of law, and other matters pertinent to questions arising before him, shall be held with the department. Unless a claim for review is filed by either party within seven days, the decision shall be enforceable under section eleven."

"Section 13. Fees of attorneys and physicians and charges of hospitals for services under this chapter shall be subject to the approval of the department. If the insurer and any physician or hospital, or the employee and any attorney, fail to agree as to the amount to be paid for such services, either party may notify the department, which may thereupon assign the case for hearing by a member thereof. The member shall report the facts to the department for decision, and the decision shall be enforceable under section eleven."

"Section 30. During the first two weeks after the injury, and, if the employee is not immediately incapacitated thereby from earning full wages, then from the time of such incapacity, and in unusual cases, in the discretion of the department, for a longer period, the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed. The employee may select a physician other than the one provided by the insurer; and in case he shall be treated by a physician of his own selection, or where, in case of emergency or for other justifiable cause, a physician other than the one provided by the insurer is called in to treat the injured employee, the reasonable cost of his services shall be paid by the insurer, subject to the approval of the department. Such approval shall be granted only if the department finds that the employee was so treated by such physician or that there was such emergency or justifiable cause, and in all cases that the services were adequate and reasonable and the charges reasonable. In any case where the department is of opinion that the fitting of the employee with an artificial eye or limb, or other

mechanical appliance, will promote his restoration to industry, it may order that he be provided with such an artificial eye, limb or appliance, at the expense of the insurer."

*C. C. Milton,* for the insurer.

*J. F. McGrath & J. J. MacCarthy,* for the claimant, submitted a brief.

JENNEY, J. The employee, on March 29, 1918, while working for the Worcester Electric Light Company, received an injury to his shoulder resulting in the complete atrophy of his right hand and arm. On January 15, 1920, the insurer paid to him under the provisions of the workmen's compensation act $500 as specific compensation for the "loss of the use of his hand," apparently on the ground that it had been so injured as to be permanently incapable of use. He was also paid compensation for seven months following the injury, but received nothing for partial disability.

From early in September, 1919, to the date of the hearing upon the petition hereinafter described, he has been treated upon three hundred and three different days by Gertrude R. Doyle as masseuse. Her bill for services amounts to $909.

The present proceeding was begun by the petition of the masseuse for the approval of her charges under St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, and St. 1917, c. 297, § 9, now contained in G. L. c. 152, § 13. This section of the statute provides that the fees of attorneys and physicians and charges of hospitals for services under the act shall be subject to the approval of the Industrial Accident Board.

A petition by the masseuse for the approval of her bill was filed with the board and heard by a single member, upon whose report of the facts the board found that the nature of the injury constituted "an unusual case," St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, and St. 1917, c. 198 (see now G. L. c. 152, § 30), inasmuch as it resulted in complete atrophy of the right hand and arm of the employee; that the amount was a reasonable charge for the services, and ordered its payment by the insurer.

The procedure in this case was correct. The statute did not provide for the decision of a single member which was subject to review. The procedure differs materially from that specified when the insurer and the injured employee fail to reach an agree-

ment as to the compensation of the latter. In such cases, the claim is assigned for hearing by a single member of the board, whose "decision . . . together with a statement of the evidence, his findings of fact, rulings of law, and other matters pertinent to questions arising before him . . . [is] filed with the department. Unless a claim for review is filed by either party within seven days," the decision of the single member is enforceable under the statute. St. 1911, c. 751, Part III, § 7, as amended by St. 1912, c. 571, § 12, and St. 1917, c. 297, § 4. G. L. c. 152, § 8. In the proceedings now considered no decision of a single member was made. All that such member was authorized to do was after hearing to "report the facts . . . for decision." See *Huxen's Case*, 226 Mass. 292. Inasmuch as the single member made no "decision" the statutory provision for a review by the board was wholly inapplicable.

We do not find it necessary to decide whether the employee's injury properly could have been found to constitute "an unusual case," or whether payment for medical services for a period commencing nearly a year and a half after the accident could rightly have been ordered.

The statute provides for the payment of only physicians and hospitals. Under the procedure now considered, that which is to be furnished (St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, and St. 1917, c. 198. See now G. L. c. 152, § 30), is "adequate and reasonable medical and hospital services, and medicines, when they are needed." Detailed provisions as to the selection of a physician are set forth. While the term medical services, if used without limitation, may be susceptible of a broad construction, the statutes cited clearly indicate that those words, as therein used, are restricted to medical assistance rendered by the physician or under his direction and control. See *People* v. *Pierson*, 176 N. Y. 201.

It is not necessary to decide whether massage may be employed in connection with or as a part of treatment by a physician, and under such circumstances properly classed as medical services. The massage performed, so far as it appears solely upon the employee's request and not as a part of treatment by a physician, was not medical services within the statute, and the insurer is not liable therefor in this proceeding.

The decree of the Superior Court ordering the insurer to pay to the petitioner the amount of her charges must be reversed, and a decree entered dismissing the petition.

*So ordered.*