RICHARD BOLTON'S CASE.

Bristol.    October 24, 1922. — December 1, 1922.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Expenses in unusual cases.

An employee is not entitled as a matter of right to have furnished to him under G. L. c. 152, § 30, at the expense of the insurer, in a case adjudged by the Industrial Accident Board to be "unusual," adequate and reasonable medical nursing and hospital services other than those provided by the insurer, but becomes so entitled only in the discretion and with the approval of the board; and a decision of the board refusing an application by the employee under G. L. c. 152, § 13, that the insurer be ordered to pay for such services, as well as the reasons for such refusal, are not reviewable upon an appeal by the employee from a decree entered by the Superior Court in accordance with such a decision.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under G. L. c. 152, § 13, upon applications by Richard Bolton, who was injured while in the employ of Seaconnet Mills, and of George W. Packer, M.D., for the payment by the insurer under the workmen's compensation act (see now G. L. c. 152, § 13), of certain charges for medical and surgical services, nursing, hospital service and a pair of shoes.

The material facts and the decision of the Industrial Accident

Board are described in the opinion. In the Superior Court, the case was heard by *Shaw*, J., by whose order a decree was entered in accordance with the decision of the board. The employee appealed.

*A. E. Seagrave*, (*C. L. Baker* with him,) for the employee.

*L. C. Doyle*, for the insurer.

PIERCE, J. On February 2, 1920, at the Seaconnet Mills in Fall River "the employee was working on the elevator shifting cable, close to the elevator door, when suddenly the elevator dropped from the floor above and struck employee on the shoulder, then pinned his right leg between the hatch door and the elevator, causing a fracture of the leg and severe internal injuries." The injured employee at his request was sent from the mill to Union Hospital by the physician who was called to attend him. He was treated at the hospital by physicians and surgeons, one connected with the hospital and others called into the case at the request of the employee's family. On February 3, special nurses were requested to act by members of the employee's family — a night and day nurse — one of whom remained on duty until July 25.

The pending proceedings were begun at the request of an attending physician for the approval of his fee for services rendered the employee under St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, St. 1917, c. 198 and St. 1920, c. 324 (see now G. L. c. 152, § 30), on the ground that this is "an unusual case," and at the request of the employee for the payment of the bills of the shoemaker, nurses, physicians and hospital. The petition was heard by a single member and the evidence was reported to the board, as provided by St. 1911, c. 751, Part III, § 13, as amended by St. 1914, c. 708, § 12, and St. 1917, c. 297, § 9 (see now G. L. c. 152, § 13). It was agreed at the hearing that the case is a compensable one, that it is "an unusual" one and that the charges made by the nurses were reasonable; but it was not agreed that their services were necessary. It was further agreed that the shoemaker's bill for a pair of shoes for the employee should be paid as also the bill of the hospital, with the exception of the two items for the board of the special nurses. The board upon all the evidence allowed the hospital bill, with the exception of the two items for the board of the special nurses and the one for telephone calls, allowed the shoemaker's bill, and allowed the

physicians' bills in a less amount in each case than the charge made by the respective physician. As regards the petition for the payment of the bills of nurses the board ruled as follows: "No allowance is made for the payment by the insurer of the special nurses, the record showing that it was agreed that the nurses were requested to act by members of the employee's family and the practice of the board being not to approve such bills unless the doctor in charge of the case has ordered special nursing services." In the Superior Court a decree was entered in accordance with the decision of the Industrial Accident Board. The employee appealed.

St. 1911, c. 751, Part II, § 5, as amended by St. 1914, c. 708, § 1, St. 1917, c. 198 and St. 1920, c. 324 (see now G. L. c. 152, § 30), among other things provides that in "unusual cases, in the discretion of the department . . . the insurer shall furnish adequate and reasonable medical and hospital services, and medicines if needed." Upon the evidence the employee contends that special nursing was a part of the treatment by the physician in charge of and attendant upon the case, and that under the circumstances of this case the special nursing constitutes reasonable medical and hospital services within the intent of the statute. This contention overlooks or disregards the important provision of the statute that medical and hospital services are to be furnished the employee "in unusual cases" not as of right but in the discretion of the board; and the further express provision that the approval of the board shall be granted only if it finds that the services of a physician of an employee's own selection were adequate and reasonable and the charges reasonable. If we assume special nursing is a part of medical attendance or assistance and if we shall further assume that such assistance was reasonable and the charges reasonable, it does not follow that either petitioner is entitled as a matter of right to have any part of the claims for payment of the services of the nurses allowed. *Golden's Case,* 240 Mass. 178. In the circumstances here disclosed the statute makes the discretion of the board and not the reasonableness of the services rendered the determinative fact upon which the right of a petitioner under the statute depends. The reason given by the board for its refusal to exercise its discretion affirmatively is not open to attack, nor reviewable in this court.

*Decree affirmed.*