GEORGE A. MEUSE'S CASE.

Suffolk. November 11, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Unusual case. *Words,* "Unusual."

An injury to one employed by a subscriber under the workmen's compensation act resulting in a complete severance of the spinal cord, a compression fracture of the eleventh and twelfth dorsal vertebrae, fracture of the lower ribs on the right side, dislocation of the upper segments

of the spine and complete paralysis below the waist involving both legs, the bladder, and the rectum, where it appeared that, under the continuance of certain medical attendance and nursing ordered by the Industrial Accident Board, the employee had made some general progress, certain dangers had been averted, and his life depended upon a continuation of the special services rendered or of like special services, may properly be found to be an unusual case, warranting an order for a continuance of payments by the insurer under G. L. c. 152, § 30, for nursing attendance.

It *was stated* that the mere fact, that no medical treatment would reduce the employee's incapacity for work or restore the functional use of his legs, did not make the order above described improper.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of two decisions of the Industrial Accident Board that the case of George A. Meuse, who was injured on September 25, 1923, while employed by Milton F. Reynolds, was an "unusual" one under G. L. c. 152, § 30, and ordering successive continuances of payments to an attendant.

In the Superior Court, the case was heard by *Morton*, J., who, on May 19 and May 28, 1927, ordered the entry of decrees in accordance with the decision of the board. The insurer appealed.

The case was submitted on briefs.

*E. A. Andrews*, for the insurer.

*P. H. Mullowney*, for the claimant.

SANDERSON, J. The Industrial Accident Board, in 1925, decided, after hearing, that the case of the employee was an unusual one, and ordered the insurer to continue to pay to Willis W. Overton, while his services, as nurse, are being rendered under the direction of the doctor named in the decision, or of a duly registered physician, the sum of $16 a week during the continuance of the employee's helpless condition, subject to the provisions of the workmen's compensation act. In 1927, a hearing was had before the board to determine whether upon the facts then presented the case was still an unusual one within the provisions of the act, and whether or not in the discretion of the board the insurer should be obliged to furnish further medical and nursing treatment. The board found that there was no material change in the condition of the employee since 1925, and

ordered the payment for nursing services under the direction of a duly registered physician continued. Thereupon two decrees were entered in the Superior Court, one in accordance with the order of the board made in 1925, and the other in conformity to the order made in 1927. From these decrees the insurer appealed.

The only expenses involved are those of the nurse rendered under the direction of a physician. The board found that the injury to the employee resulting from the accident was a complete severance of the spinal cord, a compression fracture of the eleventh and twelfth dorsal vertebrae, fracture of the lower ribs on the right side, dislocation of the upper segments of the spine and complete paralysis below the waist involving both legs, the bladder, and the rectum; that under the present medical services, including the nursing, the employee has made some general progress, certain dangers have been averted, and his life depends upon a continuation of the special services rendered or of like special services; and that the charges of the nurse were reasonable. It found that, in view of the unusual nature of the injury and the unusual conditions resulting therefrom, the necessity for continued care and assistance by the nurse was such that, in the exercise of its sound discretion, the payment by the insurer as ordered should be approved. It appeared that specific compensation is being paid the employee for the entire loss of the use of both legs.

The term medical services is broad enough to include those of a nurse or trained attendant rendered under the direction and control of a physician. *Golden's Case*, 240 Mass. 178. *Bolton's Case*, 243 Mass. 230, 232. *Moore's Case*, 255 Mass. 533. The court has not undertaken to define the meaning of the word "unusual" as used in the statute, but has considered in each case whether the board in its discretion could properly reach its conclusion upon the facts stated. It seems from the cases which have discussed the meaning of the word "unusual" in the statute, that the nature of the injury is to be considered as well as the conditions resulting from it, and the kind of medical or hospital treatment required. *Moore's Case, supra. Hooey's Case*, 258 Mass.

515.  *Pappas's Case, ante,* 51.  An ordinary case requiring
a long period of medical treatment has been held not to
be unusual within the meaning of the statute.  *Moore's
Case, supra.  Rys's Case,* 245 Mass. 244.  In *Moore's Case,
supra,* it was said that the statute has reference to cases
which develop unexpected or unusual complications requiring
the services of experts or unusual treatment.

In the case at bar the employee's injuries could be found
to be unusual from the point of view of their seriousness and
of the parts of the body paralyzed or otherwise affected.
There was evidence that the case differed from others of a
similar nature because of the length of time during which
medical assistance has been required.  The attending phy-
sician testified that he had never known of a person with a
severed spinal cord to continue to live as long as the em-
ployee has lived; that the employee needed a special kind of
care upon which his life depends; that special braces were
required for his legs; and that the construction of a kind of
trapeze over his bed was needed to enable him to lift his
body with his arms.  The board could have found the case
not an ordinary one because of the nature of the services
which are not here stated in detail but made necessary
because of the complete paralysis of the employee below
the waist.

The board refused to find as requested that no improve-
ment is likely to result to the employee, that he required only
ordinary attention, that his condition does not call for medi-
cal attendance of an extraordinary nature, and that "to all
intents and purposes an end result has been reached in the
recovery of the employee from his injury."  The fact that
no medical treatment will reduce the employee's incapacity
for work or restore the functional use of his legs did not
require the board in the exercise of its discretion to revoke
its order for payment, or make improper its order that the
payments be continued.  The Legislature has not made the
decision of the question whether the case is unusual depend-
ent upon the probability of restoration of the employee's
ability to work.

If it be assumed that no one of the special features of this

case taken by itself would make it an unusual case, all of them taken together justify the decisions of the board and we find no abuse of its discretion in the orders made.

                                            *Decrees affirmed.*