GEORGE A. MEUSE'S CASE.

</div>

<div style="text-align:center">

Suffolk.    December 4, 1929. — January 7, 1930.

</div>

<div style="text-align:center">

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

</div>

*Workmen's Compensation Act,* Unusual case. *Words,* "For a longer period."

The workmen's compensation act does not authorize a decree requiring
   an insurer, after the compensation period fixed by G. L. c. 152, § 34,
   has passed, to furnish medical and hospital services for an employee
   in an unusual case under § 30.

CERTIFICATION to the Superior Court under the pro-
visions of the workmen's compensation act of a decision of
the Industrial Accident Board directing the insurer to con-
tinue to furnish medical and hospital services for the em-
ployee after the compensation period fixed by G. L. c. 152,
§ 34, had passed.

In the Superior Court, the case was heard by *Bishop,* J.,
by whose order there was entered a final decree in accord-
ance with the decree of the board.  The insurer appealed.

*J. F. Scannell, R. J. Dunn, & E. E. Andrews,* for the
insurer, submitted a brief.

*S. B. Horovitz,* for the claimant.

CARROLL, J. The employee was severely injured while in the course of his employment. It was decided that his case was an unusual one entitling him to medical and hospital services for a period longer than two weeks, under G. L. c. 152, § 30. *Meuse's Case*, 262 Mass. 95. It is admitted that the maximum compensation of $4,000 under G. L. c. 152, § 34, has been paid by the insurer, as well as the specific compensation provided for, and in the brief of the insurer it is stated that in addition there has been paid the sum of $9,033.52 for medical, hospital and nursing services. The question for decision is this, Has the Industrial Accident Board authority under the workmen's compensation act to require the insurer to furnish medical and hospital services for an injured employee, in an unusual case, when the statutory period for the payment of compensation has ended and the full amount of compensation has been paid?

Three members of the Industrial Accident Board ordered the insurer to continue to furnish medical and hospital services for the employee after the compensation period had passed. In the Superior Court a decree was entered requiring the insurer to continue payments for hospital and medical services.

Before the amendment (St. 1914, c. 708, § 1) medical and hospital services to be furnished by the insurer in all cases arising under the workmen's compensation act were limited to two weeks, and were further limited to the first two weeks after the injury. The amendment entitled the injured employee to two weeks' hospital and medical services from the time of his incapacity if he were not immediately incapacitated by his injury. It also made a further change by enacting that medical and hospital services should be furnished by the insurer "in unusual cases, in the discretion of the board, for a longer period."

In our opinion the words "for a longer period" gave no right to the Industrial Accident Board to require the insurer to pay for these services after the statutory compensation period has passed and the insurer has paid in full the compensation to which the employee was entitled. The

phrase "for a longer period" means a period longer than two weeks; a period which is to continue for such a part of the compensation period as the Industrial Accident Board or department should in its discretion determine. The board could entirely relieve the insurer of these payments even in an unusual case, if in the exercise of a wise discretion it so determined, or it could order such payments during the whole period. But the jurisdiction of the board was entirely at an end in so far as hospital and medical services were concerned when the compensation period was passed. There is nothing in the statute indicating that its authority in this respect was to continue after the general and specific compensation had been paid in weekly payments to the extent of the maximum required by the statute. Definite payments to a certain amount were provided for and they were to continue according to a maximum and minimum amount stated. The theory of the law was to make the act as definite as possible so that the employee, the insurer, and employer might be able to understand what their rights and duties were under the statute. A limit is fixed for the compensation period; it is not to exceed five hundred weeks. The amount to be paid by the insurer for burial expenses is not to exceed the amount of $100. The death benefit is not to extend beyond a period of five hundred weeks and under G. L. c. 175, § 12, the insurance commissioner is required to compute "the reserve required of liability companies for outstanding losses." To impose the burden of paying for hospital and medical services for an uncertain time after all compensation payments were made would be too indefinite to enable it to be ascertained with any degree of accuracy what these expenses were.

We appreciate that this is a hard case; the injury is serious and no amount of money, nor the payments allowed by the statute, will compensate the employee; but that affords no justification for reading into the statute a meaning which it does not contain. The hardship of the employee does not confer jurisdiction on the board, and if the Legislature had intended to extend the time of payment in an unusual case beyond the compensation period it could

have used language to make this meaning plain. It did not indicate any such intention; it meant what it said, that hospital and medical bills in unusual cases should be borne by the insurer for a longer period than two weeks in the discretion of the board, without any intimation that this longer period was to pass beyond the compensation period.

As it is our opinion that the board had no authority to order payment to be made after the compensation period had passed and the maximum had been paid for general and special incapacity, we have not considered the other questions raised by the insurer.

The decree is to be reversed and a decree entered for the insurer.

*So ordered.*