## JOHN P. HAGGERTY'S CASE.

Suffolk.    November 13, 1936. — November 30, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act*, Medical benefits.    *Words*, "Specialized
. . . treatment."

The services of an experienced masseur, who upon the prescription and
    under the supervision and control of the attending physician gave
    necessary treatments to an injured employee, constituted "medical
    services," and the reasonable charges therefor were "expenses neces-
    sarily incidental to such services" within the meaning of G. L. (Ter.
    Ed.) c. 152, § 30; and they also were "specialized . . . treatment"
    for which the Industrial Accident Board in its discretion properly
    might require the insurer to pay even though they were rendered more
    than two weeks after the injury.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

A decree in accordance with the board's decision was
entered by order of *Sisk*, J.   The insurer appealed.

*H. F. Tracy*, for the insurer.

*J. M. Carroll*, for the claimant.

DONAHUE, J.   The question is here presented whether
under the workmen's compensation law an insurer can be
required to pay the bill of a masseur who gave massage
treatments to an injured employee.

The Industrial Accident Board found the following facts:
The employee in 1930 received an injury to his back and
thereafter continued to have recurrent trouble from his
injury.   He was treated by a physician for some time
without much improvement in his condition.   He was
obliged to wear a brace constantly.   Finally the physician
recommended that the employee seek the services of the
claimant, who was an experienced masseur, and insisted
that treatments by the claimant be continued.   As a result
of the treatments the employee was able to discard the

brace and his condition was considerably improved. The treatments were given under the supervision and control of the physician, in whose care the employee continued to remain. The board also found that the treatments given by the masseur were of a specialized nature, that the injury of the employee required such form of treatment and that the charges made by the masseur were not unreasonable.

The board ordered the insurer to pay to the masseur the amount of his charges, $232, and a decree was entered in the Superior Court ordering the payment of that sum.

An insurer under the workmen's compensation law may be required to furnish as part of the compensation to which an injured employee is entitled (*Bruso's Case*, 295 Mass. 531) "adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services." G. L. (Ter. Ed.) c. 152, § 30 (see now St. 1936, c. 164). Even before the words "together with the expenses necessarily incidental to such services" were added by St. 1927, c. 309, § 5, the words "medical services" were held to include the services of a nurse or trained attendant rendered under the direction and control of a physician. *Meuse's Case*, 262 Mass. 95, 97, and cases cited. In *Golden's Case*, 240 Mass. 178, it was found unnecessary to decide whether massage treatments used in connection with or as a part of treatment by a physician might properly be considered "medical services," because in that case the massage treatments were given solely at the employee's request and not as part of treatment by a physician. See also *Hooey's Case*, 258 Mass. 515; *Bolton's Case*, 243 Mass. 230, 232. Where, as in the present case, massage treatments are necessary, are prescribed by the attending physician and are given under his supervision and control we think that they constitute "medical services" and that reasonable charges therefor are "expenses necessarily incidental to such services" within the meaning which must be given to the language of the statute.

The massage treatments of the employee in the present case were all given more than two weeks after the time of the employee's injury. The workmen's compensation law

in its original form required the insurer to furnish medical and hospital services only during the first two weeks following an employee's injury. St. 1911, c. 751, Part II, § 5. St. 1914, c. 708, § 1, authorized the Industrial Accident Board in its discretion to require the insurer to furnish such services for a longer period "in unusual cases." See *Rys's Case,* 245 Mass. 244; *Moore's Case,* 255 Mass. 533. Later, by St. 1927, c. 309, § 5, the words "or cases requiring specialized or surgical treatment" were added. Thus the statute in its present form authorizes the board in its discretion to oblige an insurer to furnish "medical and hospital services" for a longer period than two weeks after an injury not only in cases which are "unusual" in character but, as well, in cases described in the statute in terms of the kind of treatment they require, that is, "specialized" treatment or "surgical treatment."

It is the contention of the insurer that the words "specialized or surgical treatment" should be taken to mean only that type of treatment which can be given by a physician or a surgeon who is a "specialist" or an expert. We do not think that the language of the statute, taking the words employed in their ordinary sense, expresses such a limited discretion in the board and creates such a narrow obligation of the insurer in cases where the treatment described is given to an employee, later than two weeks following an injury.

It often happens that the necessity or the desirability of surgical treatment of an injured person cannot be determined in the two weeks following the injury, or that the condition of the injured person within that period is not such as to make surgical treatment at that time safe or proper. Without making any distinction as to whether the effect of surgical treatment would be potentially serious or slight, the statute leaves the obligation of the insurer in all such cases to the discretion of the board. The statute does not indicate the intent that the discretion of the board cannot be exercised unless the surgical treatment required is of such a character that it can be given only by an expert in some particular branch of surgery. The words "special-

ized . . . treatment" do not express a limitation to such treatment as can only be given by a physician who is an expert. It is common knowledge that in modern times practitioners of medicine in the treatment of their patients not infrequently call to their aid persons not physicians or surgeons whose experience, knowledge and training enable them to contribute treatment beneficial to the patients. X-ray and other light treatments, the application of heat, massage, and other treatments by persons specially trained and equipped are often prescribed by physicians to aid in the cure or in the relief of their patients. We think that massage prescribed by an attending physician and given under his supervision and control by an experienced masseur is "specialized . . . treatment" within the meaning of the statute.

It follows that the board had the authority in its discretion to require the insurer to furnish massage treatment to the employee in the period following two weeks after the injury.

*Decree affirmed.*