**SCHIEVE, Plaintiff-Appellant, v. CINCINNATI & SUBURBAN BELL TELEPHONE CO., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7954.   Decided May 17, 1955.

Cowell & Fletcher, Lee J. Hereth, Cincinnati, for plaintiff-appellant.
Frost & Jacobs, James G. Headley, Cincinnati, for defendant-appellee.

(KOVACHY, PJ, SKEEL, J, HURD, J, of the Eighth District sitting by designation in the First District.)

## OPINION

By SKEEL, J:

This appeal comes to this Court from a judgment of the Common Pleas Court of Hamilton County, entered for the defendant after sustaining defendant's demurrer to plaintiff's petition. The action is one for money only, the plaintiff claiming damages suffered because of an alleged libel.

The plaintiff was an employee of Lerner's Dress Shoppe in Miami Beach, Florida. The defendant's credit supervisor wrote a letter to plaintiff's employer, inclosing a bill for $12.28 which the defendant claimed plaintiff owed them, saying that they understood plaintiff was in their employ and that they, the defendant, would appreciate it if the matter of the debt could be brought to the attention of plaintiff by her employer. The letter concluded as follows:

"We are sorry it is necessary to refer the matter to you, but our efforts to effect collection have received no response."

The plaintiff's petition sets forth the letter in full, and then proceeds with the allegations that the credit manager was acting within the scope of his employment; that in truth and in fact the bill had been fully paid; that the contents of the letter was wholly false and untrue, and such fact was known to the defendant at the time said letter was published; that as a result thereof plaintiff lost earnings and employment, was humiliated and embarassed in her place of employment, in the community and among her friends, and that as a proximate result of defendant's wrongful and libelous act she has become ill, thereby requiring medical care and hospitalization, all to her damage in the sum of $5,000.00.

The sole question presented by this appeal is whether the petition states a cause of action.

There can be no question but that, taking the facts alleged as true, as must be done for purposes of demurrer, the purpose of the letter was to compel the plaintiff to pay an account which she did not owe. It was unquestionably the desire of defendant to induce the plaintiff to pay a debt which she did not owe, to avoid the consequences of the ill-will of her employer by informing them that she is one who does not meet her honest obligations. The letter could have no other purpose.

In 25 O. Jur. 176, under the title "Libel & Slander," **Sec. 21** provides:

"Charge of Cheating or Dishonesty:

"Orally to accuse a person of dishonesty or being a cheat, is not actionable unless special damage is shown, or the charge is made of a person in connection with his occupation, or with reference to his methods of carrying on business, but if the words used are written or published, they are libelous per se; thus, written words implying that a person fails to pay

his debts, as they have a tendency to injure the person's standing in the community, and affect his credit, are actionable."

And in 33 American Jurisprduence, page 79, parag. 61, it is said:

"Publication for Purpose of Coercing Payment:

"Although a creditor has the right, without being subject to an action for libel, to ask his debtor to pay what he owes, it has frequently been held that it is actionable for a creditor to employ methods to coerce payment which hold the debtor up to public disgrace and ridicule. Relief has been granted in some cases on the ground that the publications were libelous and in others on the ground that there had been an invasion of the right of privacy. In many states various devices resorted to for the collection of debts have been made criminally libelous by statute. A mere statement that the defendant wants the plaintiff to pay his honest debts, uttered in the presence of the plaintiff, has been held not slanderous on the ground that such a charge imputes no dishonorable conduct to the plaintiff."

In the Annotation of the case of LaSalle Extension University of Chicago v. Fogarty, reported in 91 A.L.R. 1491, at page 1495, there is collected many cases which hold that in jurisdictions where mental suffering can be the basis for an action for damages in actions for libel, the attempt to collect an alleged debt by writing the debtor's employer about his default, to coerce the employee into making payment constitutes libel per se.

Brents v. Morgan, 221 Ky. 765, 299 S. W. 967. See, also: Keating v. Convisor, 220 N. Y. Supp. 874, 219 App. Div. 836, affirmed without opinion 246 N. Y. 632, 159 N. E. 636.

It should be remembered that even if it be said in the instant case that the letter of defendant was not, under the facts, libelous per se, the petition of plaintiff alleges special damages which she claims to have suffered because of the alleged wrongful conduct of defendant.

Patton v. Jacobs, 78 N. E. 2d, 789, Indiana App. 1948; Estes v. Sterchi Bros. Store, 179 S. E. 222, Ga. App. 1935.

For the foregoing reasons, the judgment entered for the defendant is reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings according to law. Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.