## SAMUEL SNIDER'S CASE.

Suffolk.    January 6, 1956. — May 1, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Medical services and incidental expenses.
*Words,* "Unusual."

The obligation of a workmen's compensation insurer to furnish an in-
jured employee medical and hospital services, medicines, and inciden-
tal expenses in an unusual case under G. L. (Ter. Ed.) c. 152, § 30,
as appearing in St. 1943, c. 181, did not cease at the time when the
maximum amount payable under § 34, as amended, for total inca-
pacity had been paid to him where he was also awarded compensation
for total and permanent incapacity under § 34A, as amended. [67–68]
Evidence in a workmen's compensation case warranted findings by the
Industrial Accident Board that the case of an employee, whose initial
injury was a blow on the head which was not particularly severe
but who was laid off six months thereafter because of unsatisfactory
work apparently caused by head symptoms and who thereafter suffered
from a post-traumatic neurosis and was afflicted with defective vision,
stabbing pain behind the eyes, angina pectoris and hypertension, was
an "unusual" one within the meaning of G. L. (Ter. Ed.) c. 152, § 30,
as appearing in St. 1943, c. 181, and that "adequate and reasonable"
medical treatment rendered by a psychiatrist, a cardiologist and a
family physician to the employee, and drugs prescribed by them,
were furnished in connection with such conditions; and on such find-
ings the board properly ordered the insurer to pay reasonable charges
for the treatment and the expense of the drugs pursuant to that
section.  [69–70]
There was no error on the part of the Industrial Accident Board in a
workmen's compensation case in ordering the insurer under G. L.
(Ter. Ed.) c. 152, § 30, as appearing in St. 1943, c. 181, to pay for
transportation by taxi furnished to the employee, solely upon his
own request and not as part of a physician's treatment, to and from
a hospital and physicians' offices where evidence supported a finding
by the board that the taxi hire was "necessarily incidental" to medical
services within that section rendered to the employee as a result of
his injury.  [70]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *Rome*, J.

*Thomas D. Burns*, (*Lee M. Friedman, Leon Birnbaum & Alex B. Burke* with him,) for the insurer.

*Laurence S. Locke*, (*Bertram A. Petkun* with him,) for the claimant.

SPALDING, J.   On April 2, 1945, the employee, a mechanic employed by Northeast Airlines, received an injury arising out of and in the course of his employment when he struck his head against the underside of an airplane rudder.   He was awarded total incapacity compensation from April 8 to May 28, 1945, and from December 3, 1945, to February 6, 1950, when the maximum payments under G. L. (Ter. Ed.) c. 152, § 34, as amended, had been reached.   In 1951, after a hearing, the employee was awarded permanent and total disability compensation of $20 a week under § 34A, inserted by St. 1935, c. 364, as amended, and he is still receiving that compensation.

None of the awards described above is the subject of the present appeal.   This appeal arises out of a proceeding before the board to compel the insurer, under G. L. (Ter. Ed.) c. 152, § 30, as it stood at the time of his injury, to pay for medical services rendered to him in connection with his illness, and expenses incidental thereto.   These services consisted of medical treatment rendered by a psychiatrist (Dr. Landau), a cardiologist (Dr. Ayman), and a family physician (Dr. Golden); the incidental expenses were for drugs and taxi hire.

The issues before the board were (1) whether the case was an "unusual" one or one "requiring specialized or surgical treatment" within the meaning of G. L. (Ter. Ed.) c. 152, § 30, as appearing in St. 1943, c. 181;   (2) whether the services of Doctors Landau, Ayman and Golden were adequate and reasonable and whether their charges therefor were reasonable;   and (3) whether the amounts expended for drugs and taxi hire were expenses which the insurer was required to pay under § 30.

The board found that the case was an unusual one requiring "specialized and surgical treatment"; that the services

rendered by the three physicians were "adequate and rea-
sonable"; and that the charges therefor, as reduced by the
board, were reasonable. The board likewise found that the
amounts expended for drugs and for taxi hire for the trans-
portation of the employee to and from a hospital and doc-
tors' offices were expenses within the meaning of § 30. The
board ordered the insurer to pay for these services and ex-
penses. In the Superior Court a decree was entered in
accordance with the board's decision, from which the insurer
appealed.

The employee's right to compel the insurer to pay for
medical services and incidental expenses is found in St.
1943, c. 181.[1] See amendments by St. 1946, c. 233, and St.
1948, c. 159. Relying on *Meuse's Case,* 270 Mass. 29, the
insurer argues that its obligation to pay for such services
and expenses came to an end when the maximum amount
payable under § 34 had been paid. We are of opinion that
*Meuse's Case* is not controlling. That case was decided in
1930 prior to the enactment of St. 1935, c. 364 (now § 34A),
which provided for payment of compensation for "total
and permanent" incapacity after an employee had received
the maximum payments for total incapacity under § 34.
It was there held that the obligation of the insurer to pay
for medical and hospital services in an unusual case did not
extend beyond the compensation period fixed by the act,
then § 34. But with the enactment of § 34A the board
had jurisdiction to order payment of compensation for per-
manent and total incapacity after the maximum payments

---

[1] The material portions of St. 1943, c. 181, are: "During the first two
weeks after the injury, and, in unusual cases or cases requiring specialized or
surgical treatment, in the discretion of the department, for a longer period,
the insurer shall furnish adequate and reasonable medical and hospital serv-
ices, and medicines if needed, together with the expenses necessarily inci-
dental to such services. The employee may select a physician other than
the one provided by the insurer; and in case he shall be treated by a physician
of his own selection, or where in case of emergency or for other justifiable
cause a physician other than the one provided by the insurer is called in to
treat the injured employee, the reasonable cost of the physician's services
shall be paid by the insurer, subject to the approval of the department. Such
approval shall be granted only if the department finds that the employee was
so treated by such physician or that there was such emergency or justifiable
cause, and in all cases that the services were adequate and reasonable and the
charges reasonable."

allowed by § 34 had been reached, and that jurisdiction was exercised here. On the reasoning in *Meuse's Case* a necessary concomitant to this enlargement of the board's jurisdiction is an extension of its authority to order the insurer to pay for medical and hospital services and expenses incidental thereto, for that case decided in effect that the board's jurisdiction to order payments for such services and expenses was coextensive with its jurisdiction to order compensation payments. The fact that by St. 1948, c. 159, which was not applicable to the case at bar, the Legislature dealt expressly with the question here presented, does not convince us that prior to the amendment the law was otherwise.[1]

Under the statute here applicable (St. 1943, c. 181) the obligation to furnish the employee with medical and hospital services and expenses necessarily incidental thereto for a period in excess of two weeks exists only "in unusual cases or cases requiring specialized or surgical treatment."[2] The board, as stated above, found that the case was unusual and was one requiring specialized and surgical treatment. Since the former finding was warranted by the evidence and was sufficient to justify the board's decision, we lay to one side, without intimation or decision, the question whether this was a case requiring "specialized or surgical treatment." See *Haggerty's Case*, 298 Mass. 466.

In a number of decisions this court has stated the factors that are pertinent in determining whether a case is "unusual." In none of them did the court undertake to define the meaning of the word, but has considered in each case whether the board in its discretion could properly reach its conclusion on the evidence before it. *Huxen's Case*, 226 Mass. 292. *Rys's Case*, 245 Mass. 244. *Moore's Case*, 255

---

[1] It was there provided that the provisions of § 30 "shall be applicable so long as such services are necessary, notwithstanding the fact that maximum compensation under other sections of this chapter may have been received by the injured employee."

[2] Section 30, by reason of St. 1946, c. 233, § 1, now provides that the "insurer shall furnish to an injured employee adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services."

Mass. 533. *Meuse's Case*, 262 Mass. 95. "The nature of the injury is of importance in deciding whether the case is an unusual one within the statute. But the cause of the injury or the unusual nature of the happening is not the final test. The statute has reference to injuries which develop unexpected or unusual complications, requiring the services of experts or unusual treatment." *Moore's Case*, 255 Mass. 533, 535–536. *Meuse's Case*, 262 Mass. 95, 98.

The employee's injuries here could be found to be unusual when all of the features of the case are considered together. His initial injury, to be sure, was a blow on the head that was not particularly severe. He was able to work for three days before receiving medical treatment, and after a series of tests which were negative he commenced working again, only to be laid off after six months because of unsatisfactory work apparently caused by his head symptoms. There was evidence that since that time his condition has shown steady deterioration and that he is suffering from a post-traumatic neurosis which has resulted in subjective or emotional symptoms of pain in his head and chest. These symptoms, it could be found, have seemingly become organic in nature and the employee is now afflicted with defective vision, stabbing pain behind the eyes, angina pectoris, and hypertension. We are of opinion that the finding of the board that this was an unusual case was warranted.

The insurer argues that, even if the employee is entitled to medical services and expenses, any such right is limited to services and expenses incurred in treatment of the particular condition for which he is receiving compensation. It contends that the services of the three physicians and the drugs prescribed by them for which payment is sought had no reference to the condition for which the employee is receiving compensation under § 34A. We find no merit in this contention. There is ample evidence in the record in support of the board's finding that the services rendered by the above mentioned doctors were furnished in connection with the persistent complaints and symptoms of the

employee resulting from his original injury. The applicable statute (St. 1943, c. 181) expressly provides for the furnishing of "medicines if needed." The board's finding that the expenses for drugs were incurred as a result of prescription by the attending physicians was warranted by the evidence, and it rightly ruled that they were expenses within the meaning of the statute.

The insurer also argues that the board erred in ordering the insurer to pay the taxi bill incurred by the employee in being transported to and from a hospital and doctors' offices. The insurer's position is that it is not liable for services which are not part of a physician's treatment and which are rendered solely upon an employee's request. For this proposition it cites *Golden's Case*, 240 Mass. 178, where this court reversed a decree ordering an insurer to pay the fees of a masseuse employed by an injured employee at his own request and not under the direction or control of a physician. That case is authority for the proposition that treatments which are not given by order of or under control of a physician are not "medical . . . services" within the meaning of the statute, but it does not aid the insurer here. By reason of an amendment (St. 1927, c. 309, § 5) enacted after that decision the insurer was required to pay also for "expenses necessarily incidental to such services." This is broad enough to include matters not embraced by the words "medical . . . services" such as transportation to and from hospitals or doctors' offices, provided such transportation is reasonably necessary. There is sufficient evidence in this record to support the board's finding that the taxi hire was "necessarily incidental" to the medical services furnished to the employee.

The decree is affirmed. The employee's request that the whole costs of the proceeding be assessed against the insurer under § 14 is denied, for it cannot fairly be said that the case was defended without reasonable ground. Costs and expenses of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice. *So ordered.*