### SHERMAN E. LEVENSON'S CASE.

Suffolk.    November 4, 1963. — December 3, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Medical benefits.

Upon findings in a workmen's compensation case that the employee by reason of compensable injuries continued to suffer severe pain "associated primarily" with bad weather and that trips by him to Florida in February and March ordered by his physician to alleviate his pain without the use of narcotics to the point of danger of addiction were necessary medical treatment, the employee was entitled to be reimbursed by the insurer under G. L. c. 152, § 30, for his reasonable living costs in Florida in excess of the normal cost of his living at home as expense of "medical . . . services" even though such "services" were derived by him from the Florida climate and were not rendered by a human agency, and also for the reasonable expense of his transportation to and from Florida as expense "necessarily incidental to such services."

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The employee appealed from a decree by *Sgarzi,* J., denying his claim.

*Laurence S. Locke* for the employee.

*Philander S. Ratzkoff* for the insurer.

SPIEGEL, J. This is a claim for workmen's compensation to reimburse the employee for the expenses of trips to

Florida.   The following is a summary of the facts taken from the decision of the Industrial Accident Board.   The employee was injured in 1949 when, while carrying company funds, he was shot by bandits.   As a result of his injuries, he continues to suffer from "spasmodic leg cramps and lancinating pain"; these are "associated primarily with rainy, unsettled, changing weather."   The pain and the cramps are "extremely agonizing" and seemingly can be alleviated only by narcotics which occasionally have to be injected intramuscularly and up to five times a day. Since 1961, the employee's condition has become particularly acute, and in 1962 his physician, concerned about the danger of drug addiction, ordered the employee to go to Florida during the months of February and March to avoid the cold, turbulent weather prevalent in New England at that time of year.   The physician testified that the trips were "absolutely necessary medically."  The employee made two trips to Florida during this period, and "felt greatly relieved and was able to get along without narcotics."

Compensation was paid to the employee until June 6, 1956, when he received a lump sum settlement under an agreement which preserved his right to be recompensed for further medical treatment as long as he should live.   The board, finding that the 1962 trips to Florida were a necessary part of his medical treatment, ordered the insurer to pay to the employee the sum of $1,291.17 as the total amount of the employee's reasonable expenses in connection with these trips.   The Superior Court ruled that "the employee's claim for transportation and living expenses is not within the purview of General Laws, Chapter 152, Sections 13 and 30" and entered a final decree denying him compensation.   From this decree, the employee appeals.

The employee bases his right to compensation on G. L. c. 152, § 30,[1] and maintains that the expenses of his 1962

---

[1] The statute reads as follows: "The insurer shall furnish to an injured employee adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services.

trips to Florida were reasonable medical services or necessarily incidental to his medical treatment. Whether the statute should receive the interpretation urged by the employee is an issue which has not previously arisen in this Commonwealth. The insurer argues that the legislative history of § 30 shows that the Legislature did not intend such expenses as a trip to Florida to be compensable.

The report of the commission which recommended adoption of the language concerning "expenses necessarily incident" contained the following statement: "In many cases the question of the obligation of the insurer to provide transportation to and from the physician, clinic, or hospital has arisen and the insurers generally have been doing this. In order to cover this point, as well as to include other minor similar expenses, at the suggestion of the Board the Commission recommend the addition of a phrase at the end of the first sentence of section 30, as follows: 'together with all expenses necessarily incident to such services.' " 1927 House Doc. No. 999, pp. 18–19.

We believe that this phrase is applicable to the present case only in so far as the employee presented bills for air and ground transportation to and from his Florida destination. His other expenses, if compensable at all, are compensable as "reasonable medical . . . expenses" and not as "expenses necessarily incidental." If the employee is otherwise eligible for compensation, we are of opinion he should be reimbursed for such air and ground transporta-

The employee may select a physician other than the one provided by the insurer; and in case he shall be treated by a physician of his own selection, or where in case of emergency or for other justifiable cause a physician other than the one provided by the insurer is called in to treat the injured employee, the reasonable cost of the physician's services shall be paid by the insurer, subject to the approval of the division. Such approval shall be granted only if the division finds that the employee was so treated by such physician or that there was such emergency or justifiable cause, and in all cases that the services were adequate and reasonable and the charges reasonable. In any case where the division is of opinion that the fitting of the employee with an artificial eye or limb, or other mechanical appliance, will promote his restoration to or continue him in industry, it may order that he be provided with such an artificial eye, limb or appliance, at the expense of the insurer. The provisions of this section shall be applicable so long as such services are necessary, notwithstanding the fact that maximum compensation under other sections of this chapter may have been received by the injured employee."

tion as the board might reasonably have found necessarily incidental. It is true that in the paragraph quoted from the report, the commission referred to "minor similar expenses." However, the report does not necessarily require a conclusion that the Legislature intended that transportation expenses would be compensable only if they were "minor"; that, if the employee was compelled to travel a considerable distance in order to obtain specific treatment, such expenses would cease to be minor and consequently not compensable.

The insurer contends that, under the statute, an employee can obtain compensation for "services" only when they are rendered by a human agency. The Florida climate, it is pointed out, is a "natural physical phenomenon." The cases which the insurer cites in support of this proposition are inapposite. In *Meuse's Case,* 262 Mass. 95, 97, we held only that the term "medical services" is broad enough to include the services of a nurse rendered under the direction of a physician. In *Haggerty's Case,* 298 Mass. 466, 467, it was held that the "services" of a masseur also came within the statutory term. It does not follow from either of these cases that compensation can be paid for medical services only when they are rendered by a human agency.

A limit which this court has set upon the term "medical services" is that such services, to be compensable, must be rendered under the direction, control, or advice of a physician. *Golden's Case,* 240 Mass. 178, 181. *Snider's Case,* 334 Mass. 65, 70. Applying this rule to the instant case we see no reason for holding as a matter of law that the employee should not be reimbursed for the expenses of trips to Florida which both his physician and the board found necessary. The rule which the insurer urges us to adopt might, in the instant case, compel the employee to choose between agonizing pain and the danger of drug addiction. See *Burns's Case,* 298 Mass. 78, 79. Such a rule would be incompatible with the broad purposes of the Workmen's Compensation Act. See Schneider, Workmen's Compensation Law, § 2552.

A court of appellate jurisdiction in another State said: "We are not prepared to say as a matter of law that a change of climate advised by a competent physician is not medical treatment within the purview of the Workmen's Compensation Law. The employer is obliged under the statute to provide for an injured employee such medical, surgical or other attendance or treatment, as the nature of the injury . . . may require . . . . There is nothing in the statute which defines treatment or restricts a broad and liberal interpretation of the term . . . ." *Matter of Clark* v. *Fedders-Quigan Corp.* 284 App. Div. (N. Y.) 430, 432.

According to the insurer, the board's finding that the expenses for food and lodging incurred by the employee on his trips to Florida were reasonable is not supported by the evidence. The insurer bases its arguments on unsupported assertions, not appearing in the record but stated in its brief, that Miami Beach is "a notoriously expensive resort area" and that even in Miami Beach the employee could have stayed in hotels located in districts wherein hotel rates are substantially lower. The insurer also questions whether it was reasonable for the employee to book first-class passage for some of his airplane trips between Boston and Miami. We are of opinion that these questions raised issues of fact which were for the board to resolve. As to the hotel accommodations, the employee testified without contradiction that at the time of the year when he visited Florida, "there . . . [were] no low-priced hotels." The board's finding is neither lacking in evidential support nor tainted by error of law and must be sustained. *Hachadourian's Case,* 340 Mass. 81, 85.

Whether the first-class air fare was necessary or reasonable within the meaning of the statute was for the board to determine. Since this case is to be remanded to the board for reasons to be discussed, *infra,* we believe that further findings on this issue will be in order. *Garrigan's Case,* 341 Mass. 413, 419–420. Cf. *Lauble's Case,* 341 Mass. 520, 526.

The insurer argues that, even if the expenses of the trip were necessary within the meaning of the statute, the com-

pensation payment with respect to board and room should be limited to the amount by which the employee's reasonable expenses in Miami Beach exceeded his normal cost of living at home. The insurer's contention is correct. *Matter of Clark* v. *Fedders-Quigan Corp.* 284 App. Div. (N. Y.) 430, 433.

The "therapy" the employee received was the Florida climate which might have obviated the need for narcotics, and the resultant cost of such medication, presumably to be borne by the insurer. *Snider's Case,* 334 Mass. 65, 69–70. To the extent that he incurred reasonable expenses beyond his normal cost of living at home, he is entitled to compensation. Only such "excess" expenses can be considered reasonable within the meaning of the statute. See *David* v. *Arborio,* 241 App. Div. (N. Y.) 900.

The decree of the Superior Court is reversed. The case is to be remanded to the board for appropriate subsidiary findings relating to the issues of necessary transportation costs and the difference between the employee's normal living expenses and those incurred during his trips. The board may take additional testimony and hold such further proceedings as may be consistent with this opinion.

*So ordered.*